FRANK E. PERKINS v. CHARLES M. HANSON and Others.[1]

February 9, 1898.

Nos. 10,894—(274).

| · 71 | 487 |
|---|---|
| 73 | 516 |
| 71 | 487 |
| d77 | 50 |

**Unrecorded Equitable Mortgage Not Valid as against Assignee in Insolvency—Robertson v. Rentz, Followed.**

Robertson v. Rentz, infra, page 489, to the effect that an unrecorded equitable mortgage cannot be enforced as against assignees in insolvency so far as they represent creditors, followed.

Appeal by plaintiff from a judgment entered in the district court for Hennepin county in favor of defendants Charles M. Hanson and Albert C. Cobb, as assignees in insolvency of Austin F. Kelley, pursuant to the findings and order of Jamison, J. Affirmed.

*P. M. Woodman,* for appellant.

*Cobb & Wheelwright,* for respondents.

START, C. J.

The facts in this case, except as to names, dates, land, and the amount and terms of the mortgage, are not essentially different from those in the case of Robertson v. Rentz, infra, page 489. Reference may be had to the opinion in that case for facts here omitted.

In this case the land in question was owned by Austin F. Kelley on October 2, 1893, and on that day he procured John G. Hausler to execute a note of $800, and a mortgage on the land purporting to secure it, to the plaintiff. This mortgage was witnessed by Kelley, acknowledged before him as a notary public, and duly recorded. Hausler never had any interest in the land, and never received any consideration for making the mortgage. The legal title to the land then, and until he made an assignment in insolvency, stood of record in Kelley's name. But it was the intention of both Kelley and

[1] Reported in 74 N. W. 135.

Hausler by the mortgage of the latter to impose a lien upon the land therein described in favor of the plaintiff. After the mortgage was recorded, Kelley sent it, with the note, to the plaintiff, with substantially the same representations made by him in the case of Robertson v. Rentz, and the plaintiff, in reliance upon the representations, accepted the note and mortgage as security for $800 he had theretofore sent to the Kelleys, as his agents, to be loaned for him, but which they had used for their own benefit. This action was brought to have the Hausler mortgage adjudged a lien on the land as against the assignees in insolvency of Kelley. Judgment on the merits for the assignees, from which the plaintiff appealed.

This case is ruled by that of Robertson v. Rentz. The additional facts in this case, that Kelley owned the land when Hausler made the mortgage, that he witnessed the mortgage, and took the acknowledgment thereof, and that both he and the mortgagor intended to create a lien on the land by the mortgage, do not differentiate this case from the one referred to. Plaintiff claims that the mortgage in question was not made by Hausler, but by Kelley; not by a stranger to the title, but by the owner of the title. However equity might regard this claim as between the plaintiff and Kelley, the fact remains that the mortgage and its record, each on its face, show that the mortgage was made by Hausler, and not by Kelley. The fact that he witnessed it, and took the acknowledgment of Hausler, is wholly immaterial on the question whether the record of the mortgage was constructive notice to the creditors of Kelley of the equities of the plaintiff. The record was not such notice. At most the plaintiff, as against the assignees, has only an unrecorded equitable mortgage on the land, which is void as to them. Robertson v. Rentz.

Judgment affirmed.