MARY ELIZA WOOLSON and Another v. AUSTIN F. KELLEY and Others.

August 9, 1898.

Nos. 11,025—(206).

**Action to Cancel Record of Satisfaction of Mortgage—Insolvency of Landowner—Relief Granted.**

A satisfaction of a real-estate mortgage, which was never delivered, was filed for record, by mistake and inadvertence, by the agent of the mortgagee, and without the knowledge of the latter. Subsequently the owner of the equity of redemption made an assignment for the benefit of creditors, the latter having no knowledge of such filing, and there was no evidence that any of them had changed their condition in reliance upon the filing of the satisfaction. *Held* that, as against the assignees of the mortgagor, the mortgagee, whose mortgage was duly recorded, was

73 M.—33

entitled to have the satisfaction annulled and cancelled, and the mortgage foreclosed.

Action in the district court for Waseca county by the executors of the will of Amasa Woolson, deceased, against Austin F. Kelley and his wife and others to cancel a satisfaction of mortgage and to foreclose the mortgage. By agreement the venue was changed to Hennepin county, and the cause was submitted to McGee, J., on an agreed statement of facts, who ordered judgment in favor of plaintiffs. From the judgment entered in pursuance of this order, the defendants Hanson and Cobb, as assignees of A. F. & L. E. Kelley, appealed. Affirmed.

*Cobb & Wheelwright*, for appellants.

The question is, can the mortgage be reinstated against Kelley's assignees, the satisfaction having been filed and recorded by mistake? That equity would relieve plaintiffs from the effect of this satisfaction as against Austin F. Kelley is clear. But we contend that no relief would be granted (1) as against innocent purchasers from Kelley, (2) as against his judgment or attaching creditors, or (3) as against his assignees in insolvency. In this state attaching and judgment creditors stand on the same footing as innocent purchasers as against prior unrecorded conveyances. G. S. 1894, § 4180; Welles v. Baldwin, 28 Minn. 408; Dutton v. McReynolds, 31 Minn. 66; Wilcox v. Leominster Nat. Bank, 43 Minn. 541; Bank of Ada v. Gullikson, 64 Minn. 91. Hence, since this action could not be maintained against judgment creditors of Kelley, it cannot against his assignees in insolvency. Kellogg v. Kelley, 69 Minn. 124; Robertson v. Rentz, 71 Minn. 489; Perkins v. Hanson, 71 Minn. 487.

*Woods, Kingman & Wallace*, for respondents.

Applying the test that, to constitute delivery, intention must accompany the manual act, the satisfaction of the mortgage was never delivered to Kelley. Stevens v. Hatch, 6 Minn. 19 (64); Daggett v. Daggett, 143 Mass. 516; Curry v. Colburn, 99 Wis. 319. As between the mortgagee and the assignees of the mortgagor the question is: Can the assignees avoid a vested and recorded lien of long standing, solely because of the blunder of the assignor, who

himself claimed no benefit therefrom, but continued thereafter to recognize the lien until and in the very act of his assignment? That the assignees cannot avoid it, see Pratt v. Wheeler, 6 Gray, 520; Stewart v. Platt, 101 U. S. 731; Palmer v. Thayer, 28 Conn. 237; In re Howe, 1 Paige, 125; In re Huddell, 47 Fed. 207. See, also, Klatt v. Dummert, 70 Minn. 467.

PER CURIAM.

The only material facts in this case are the following: In March, 1887, Amasa Woolson, through the agency of A. F. & L. E. Kelley, loaned $5,000 to one Hausler, to secure the payment of which the latter executed a mortgage upon a tract of land of which he was at the time the owner of record. The mortgage was duly recorded.' Subsequent to the execution and record of the mortgage, Hansler conveyed the land to A. F. Kelley, one of the firm of A. F. & L. E. Kelley. This deed was placed on record. Subsequently, and in January, 1895, William D. Woolson, one of the executors of the estate of Amasa Woolson, ignorant of the fact that the mortgaged premises had been conveyed to A. F. Kelley, signed and acknowledged a written release of the Hausler mortgage, and intrusted it to A. F. Kelley, as his agent, with instructions to deliver it to the party entitled thereto when the mortgage was paid. The mortgage never has been paid, but A. F. Kelley, through inadvertence and mistake, put the satisfaction piece on record in March, 1895, which fact remained unknown to the plaintiffs until long after September 12, 1896.

On September 12, 1896, the firm of A. F. & L. E. Kelley and each of them individually, being insolvent, made an assignment of all their property to the defendants for the benefit of their creditors under the insolvent law of 1881. At the time of the execution and filing of this assignment, the Hausler mortgage appeared of record to have been satisfied and released, and none of the Kelley creditors had any notice or knowledge that the satisfaction had been filed for record through inadvertence or mistake.

In this action, brought by the executors to have the record of the satisfaction cancelled, and to foreclose the mortgage, the assignees of the Kelleys interposed a defense on the ground that in-

asmuch as the mortgage appeared of record to have been released and satisfied at the time the assignment was executed and filed, when the rights of creditors attached, the rights of creditors in the land are paramount to the rights of the plaintiffs. Counsel for the defendants assume that the case is analogous to one where a party is claiming under a deed or mortgage which was executed and delivered, but not recorded, prior to the execution by the grantor or mortgagor, and filing, of an assignment for the benefit of creditors, and hence claim that the case is governed by the decisions in Kellogg v. Kelley, 69 Minn. 124, 71 N. W. 924; Robertson v. Rentz, 71 Minn. 489, 74 N. W. 133; Perkins v. Hanson, 71 Minn. 487, 74 N. W. 135.

These cases are not analogous. Here the Hausler mortgage, under which plaintiffs claim, had been recorded, and had never been paid, although, by mistake and inadvertence, it was made to appear on the records that it had been. The satisfaction piece had never been delivered. Registration, even by the grantor, will not operate as delivery. Parker v. Hill, 8 Metc. (Mass.) 447. And until delivery it is inoperative. The case, upon its facts, does not fall within the provisions of the recording acts.

The only ground upon which the defendants could prevail would be equitable estoppel; that is, that plaintiffs or their agent, Kelley, had been guilty of negligence in placing the satisfaction on record, and that some third party or parties had changed their condition in reliance on the record,—as, for example, buying the land, and parting with a valuable consideration therefor. The essential facts of equitable estoppel do not exist in this case. It does not appear that the defendants, or any one whom they represent, have ever parted with a dollar on the faith of the record of the satisfaction.

Judgment affirmed.