H. F. STREHLOW v. EDWARD E. FEE and May Fee, his Wife, C. G. Conn Company, a Foreign Corporation, Rockford Silver Plate Company, a Foreign Corporation, and W. J. Dyer & Brother, a Foreign Corporation.

(161 N. W. 719.)

**Amended complaint — demurrer to — motion to strike — reinstatement of facts — former complaint — to which demurrer sustained — court may review — former adjudication — may correct error.**

1. The trial court may, on a motion to strike out a demurrer to an amended

complaint on the ground that such amended complaint merely restates a former one to which a demurrer has been sustained, review the correctness of the adjudication on the former demurrer, and, if erroneous, correct his error, if such demurrer was improperly sustained.

**Purchaser of land — prior mortgages on — makes satisfaction of — under mistake of facts — judgment on — liens — cancelation of such satisfaction — reinstatement of mortgages — foreclosure of — liens — owners of — position same — substantial rights.**

2. Where the purchaser of land and of two prior mortgages, which are liens upon the same, releases such mortgages through a mistake of fact and in the belief that there are no judgment liens against said property, he will afterwards be allowed to cancel said releases and to reinstate and to foreclose said mortgages on discovering subsequent judgment liens, provided that the owners of such liens have not, by his prior action, been induced to change their position and have not lost any substantial and material rights.

**Landowner — title — protection of — prior mortgage — purchase of — releases same under a mistake as to judgment liens — owners of such liens — not prejudiced by release of mortgage — negligence — foreclosure of mortgage — after reinstatement — abstract — reliance on — records — search of — failure to — does not preclude.**

3. Where the owner of land who, in order to protect his title, has purchased a prior mortgage, seeks to set aside a release of such mortgage, which he has executed through a mistake of fact and in ignorance of the existence of other judgment liens, and the owners of such liens have not been induced by such action to change their position or to lose their material rights, the question is one of mistake, and not of negligence, and he will not be precluded from the right to cancel such release and to foreclose the said mortgage by the mere fact that he relied upon an abstract, and did not search the records in order to ascertain the true condition of affairs.

Opinion filed February 24, 1917.

Appeal from the District Court of Rolette County, *C. W. Buttz,* J.

Action to cancel the release of certain mortgages and to foreclose the same.

Judgment for plaintiff. Defendants appeal.

Affirmed.

*Fred E. Harris,* for appellants.

The original complaint having stated no cause of action, and the demurrer thereto having been sustained, the matters therein set forth were, by the adjudication and ruling thereon, *res judicata,* and a com-

plaint filed afterward in lieu of the former, setting forth no new cause of action, but containing a mere repetition of the substance and facts of the former complaint, should be stricken out on motion. 31 Cyc. 618; Phenix Ins. Co. v. Findley, 59 Iowa, 591, 13 N. W. 738; Epley v. Ely, 68 Iowa, 70, 25 N. W. 934; Waukon v. Strouse, 74 Iowa, 547, 38 N. W. 408; McKee v. Illinois C. R. Co. 121 Iowa, 550, 97 N. W. 69; Hoyt v. Beach, 104 Iowa, 257, 65 Am. St. Rep. 461, 73 N. W. 492; Wisconsin Lumber Co. v. Greene & Western Teleph. Co. 127 Iowa, 350, 69 L.R.A. 968, 109 Am. St. Rep. 387, 101 N. W. 742; Houfek v. Held, 75 Neb. 210, 106 N. W. 171; Rittmaster v. Richner, 14 Colo. App. 361, 60 Pac. 189; Enright v. Midland Sampling & Ore Co. 33 Colo. 341, 80 Pac. 1041; Ruckman v. Ormond, 42 Or. 209, 70 Pac. 708; Grand Lodge, I. O. O. F. v. Troutman, 73 Kan. 35, 84 Pac. 567.

The question presented on such motion was not the sufficiency of the original pleading, nor the sufficiency of the amended pleading, but whether there was such a sameness of the pleadings that the latter was not entitled to be considered as an amended pleading. Noyes v. Loughead, 9 Wash. 325, 37 Pac. 452; Bush v. McMann, 12 Colo. App. 504, 55 Pac. 956.

Where a party pays mortgages on his land before they are due and takes a satisfaction of same, instead of an assignment, and without ascertaining whether or not there was anything due on them, he acts at his peril as against the holders of liens upon the land subsequent to such mortgages. Such act is not a forced payment to protect his title. Rev. Codes 1905, § 5126, Comp. Laws 1913, § 5682; Foster v. Furlong, 8 N. D. 282, 78 N. W. 986.

Plaintiff's agents, the attorney and the abstract company, overlooked these judgments, and their negligence was the negligence of plaintiff himself. Notice to the agent is notice to the principal. Rev. Codes 1905, §§ 5788, 5872, Comp. Laws 1913, §§ 6356, 6440.

Plaintiff's declarations are inadmissible except as against interest and in favor of defendants. Jones, Ev. § 236; 1 Enc. Ev. pp. 383, 504; Bronson v. Leach, 74 Mich. 713, 42 N. W. 174; Buckingham v. Tyler, 74 Mich. 101, 41 N. W. 868.

Unsigned carbon copies are not admissible; when signed, it is necessary to show that originals cannot be produced. Jones, Ev. § 208; 1

Enc. Ev. p. 539; McDonald v. Hanks, 52 Tex. Civ. App. 140, 113 S. W. 604.

A mortgage once satisfied cannot be revived, reinstated, or foreclosed.   Duce v. American Mortg. & Invest. Co. 6 Dak. 122, 50 N. W. 621; Thompson v. George, 86 Ky. 311, 5 S. W. 760; Dick v. Moon, 26 Minn. 309, 4 N. W. 39; Johnson v. Anderson, 30 Ark. 745; Spencer v. Fredendall, 15 Wis. 666; Hoffman v. Wilhelm, 68 Iowa, 510, 27 N. W. 483; Farrell v. Bouck, 60 Neb. 771, 84 N. W. 260; Mather v. Jenswold, 72 Iowa, 550, 32 N. W. 512, 34 N. W. 327; Conner v. Welch, 51 Wis. 431, 8 N. W. 260; Weidner v. Thompson, 69 Iowa, 36, 28 N. W. 422; Beal v. Congdon, 75 Mich. 77, 42 N. W. 685; Whittenbrock v. Parker, 102 Cal. 93, 24 L.R.A. 197, 41 Am. St. Rep. 172, 36 Pac. 374; Mueller v. Renkes, 31 Mont. 100, 77 Pac. 512.

One who procures an abstract from the abstracting company and relies upon it without going to the records is negligent, and such negligence forbids him to reinstate a mortgage satisfied by himself as against subsequent lien holders.   Ft. Dodge Bldg. & L. Asso. v. Scott, 86 Iowa, 431, 53 N. W. 283; Rice v. Winters, 45 Neb. 517, 63 N. W. 830; Hayden v. Huff, 60 Neb. 625, 83 N. W. 920; Kitchell v. Mudgett, 37 Mich. 81; 16 Cyc. 69, 140, 162; Dolvin v. American Harrow Co. 28 L.R.A.(N.S.) 887, note; 29 L.R.A.(N.S.) 872 (N. J.).

Plaintiff cannot retain the benefits of the transaction and repudiate its obligations.   His failure to rescind stands as a complete bar to the recovery prayed for in this action.   29 L.R.A.(N.S.) 872 (N. J.).

He who seeks equity must do equity.   16 Cyc. 69, 140, 141, 143; Stowell v. Tucker, 7 Idaho, 312, 62 Pac. 1033.

*Henry G. Middaugh* and *Rollo F. Hunt,* for respondent.

The amended complaint which defendants moved to strike out because it was merely a restatement of the former complaint, to which a demurrer had been sustained, while not stating any new cause, very materially changes and amplifies the cause of action attempted to be pleaded in the former complaint, and contains a statement of vital elements necessary for plaintiff to recover, some of which are that he acted in good faith, was not guilty of negligence, and that the defendants—judgment creditors—are not prejudiced by the relief sought by the action.   In any event the defendants, by pleading and going to trial after their motion was overruled, have waived any right to predi-

cate error on the ruling. 3 C. J. 668; Flowers v. Smith, 214 Mo. 98, 112 S. W. 499; Barkley v. Barkley Cemetery Asso. 153 Mo. 300, 54 S. W. 482.

A demurrer searches the record, and the motion was argued, considered, and decided as a demurrer.

Defendants on the trial raised the same questions on objection to the admission of evidence, and the entire record was then again reopened. 31 Cyc. 666; Post v. Pearson, 108 U. S. 418, 27 L. ed. 774, 2 Sup. Ct. Rep. 799.

At any time before appeal, the trial court, still having jurisdiction, has the right to reconsider any order made and to reverse its former holding to correct error. Enderlin State Bank v. Jennings, 4 N. D. 228, 59 N. W. 1058; Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 562.

The doctrine of *res judicata* is not applicable to such proceedings. 15 Enc. Pl. & Pr. 349; Johnston v. Brown, 115 Cal. 694, 47 Pac. 686; Bowers v. Cherokee Bob, 46 Cal. 280; Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592; 14 Enc. Pl. & Pr. 176; Page v. Page, 77 Cal. 83, 19 Pac. 183; Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A. (N.S.) 606, 116 N. W. 529.

It is of some importance to note that the original order sustaining the demurrer was not in conformity with the statute, and if an appeal had been taken therefrom, the supreme court might not have considered same. Comp. Laws 1913, § 7944.

A merger will never result where it is plain that it would be contrary to the intentions of all the parties concerned, and especially to the grantee, or if he is ignorant of intervening liens and encumbrances against his interests. 27 Cyc. 1381, 1382, citing authorities; Gray v. Nelson, 77 Iowa, 63, 41 N. W. 566; Topliff v. Richardson, 76 Neb. 114, 107 N. W. 114; Hines v. Ward, 121 Cal. 115, 53 Pac. 427; May v. Cummings, 21 N. D. 281, 130 N. W. 826.

Where an intervening judgment creditor satisfies his judgment by execution sale after the landowner has so mistakenly satisfied such mortgages, and the judgment creditor so acted with full knowledge of plaintiff's situation, it is wholly immaterial to plaintiff's rights. 2 Pom. Eq. Jur. § 871; 27 Cyc. 1433; White v. Stevenson, 144 Cal.

104, 77 Pac. 828; Pearce v. Buell, 22 Or. 29, 29 Pac. 78; Young v. Shaner, 73 Iowa, 555, 5 Am. St. Rep. 701, 35 N. W. 629; Ricker v. Stott, 13 S. D. 208, 73 N. W. 47.

When it can be done without injury to third persons in such cases, the record should be restored and the mortgage enforced according to its terms. Benedict v. Crookshank, 58 Mich. 107, 24 N. W. 795; Upton v. Hugos, 7 S. D. 476, 64 N. W. 523; Woolson v. Kelley, 73 Minn. 513, 76 N. W. 258; Bowen v. Gilbert, 122 Iowa, 448, 98 N. W. 273; Ward v. Seymour, 51 Vt. 320; Elliott v. Tainter, 88 Minn. 377, 93 N. W. 124; Ebert v. Gerding, 116 Ill. 217, 5 N. E. 591; Gardner v. Astor, 3 Johns. Ch. 53, 8 Am. Dec. 465; Arlington State Bank v. Paulson, 57 Neb. 717, 78 N. W. 314; Southern Kansas Farm, Loan & T. Co. v. Garrity, 57 Kan. 805, 48 Pac. 33; Nommenson v. Angle, 17 Wash. 394, 49 Pac. 484; Scott v. Smith, 58 Or. 591, 115 Pac. 969; Atkinson v. Plum, 50 W. Va. 104, 58 L.R.A. 794, 40 S. E. 587; French v. De Bow, 38 Mich. 708; Barnes v. Mott, 64 N. Y. 397, 21 Am. Rep. 625.

There is no question of negligence here involved. It is one of mistake only, and such mistakes may always be corrected where the rights of others have not been changed to their detriment. Wittenbrock v. Parker, 102 Cal. 93, 24 L.R.A. 197, 41 Am. St. Rep. 172, 36 Pac. 374; McConnell v. American Nat. Bank, 59 Ind. App. 319, 103 N. E. 809.

Bruce, Ch. J.   This in an action for the reinstatement and foreclosure of two certain prior mortgages which plaintiff claims to have paid or purchased in order to protect his title, but to have released through mistake and in ignorance of the existence of three judgment liens.

The first point raised by the defendants and appellants is that a demurrer was formerly sustained to the complaint, and that the amended complaint was practically a repetition thereof. They, therefore, urge that the matter was *res judicata,* and that their motion to strike the amended complaint from the files should have been sustained, regardless of the sufficiency in law of the original or amended complaint.

There is no merit in this contention. The learned trial court, on the motion to strike out, reversed the ruling of his predecessor in office

on the former demurrer, and held that it was erroneous. He had certainly the right while he yet retained jurisdiction to correct that error, if error there was. The authorities cited by counsel for appellants merely announce the rule that where a second complaint only restates a former one to which a demurrer has been sustained, a motion to strike out will lie, and no second demurrer need be filed. They do not hold, and it by no means follows, that on such motion the court may not reconsider its former ruling and correct the error if the demurrer was improperly sustained. There is no doubt in our minds that this may be done. Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 562; Post v. Pearson, 108 U. S. 418, 27 L. ed. 774, 2 Sup. Ct. Rep. 799; Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A. (N.S.) 606, 116 N. W. 529; Bergen Twp. v. Nelson County, 33 N. D. 247, 156 N. W. 559.

This brings us to a consideration of the question whether the complaint did, in fact, state a cause of action. We think it did.

It prays for the foreclosure of two mortgages, and, as preliminary thereto, that the same be reinstated and a former satisfaction of the same be canceled and held for naught.

It alleges that on February 12th, 1907, the defendants Edward E. Fee and May Fee executed and delivered to the plaintiff a note and mortgage for the sum of $1,000; that prior to the execution and delivery of this mortgage, and on June 8th, 1903, the said Fee had given two mortgages on the same lands to one Adam Hannah to secure the payments of $500 and $96.25, respectively; that on December 5th, 1908, the plaintiff, in order to protect his mortgage lien, paid the amount due on these prior mortgages to the said Adam Hannah, and that on March 23d, 1909, the said Hannah satisfied the same, the said satisfaction being placed on record on that date; that on March 13th, 1908, the defendants C. G. Conn Company and Rockford Silver Plate Company recovered judgment against the mortgagor Edward E. Fee for $219.65 and $145, respectively, and filed transcripts thereof; that on April 14th, 1908, the defendants W. J. Dyer & Brother also recovered a judgment for $116.95, and docketed the same.

It then alleges that thereafter, and on February 23d, 1909, Edward E. Fee and wife, for a stated consideration of $1, deeded their land to

the plaintiff, Strehlow, and represented that the land was clear of all encumbrances, except those of record, and that said deed was recorded on March 1st, 1909.

It then alleges that at the time of procuring this deed the plaintiff, Strehlow, who was then a resident of Casselton in Cass county, procured an abstract of the land from a competent and duly licensed abstractor of Rolette county, where the land was situated, but that such abstract did not show the C. G. Conn Company, Rockford Silver Plate Company, and Dyer & Brother judgments before mentioned, and that the plaintiff, Strehlow, in ignorance of and without notice of the same, on April 2d, 1909, satisfied of record the said Fee mortgage of September 12th, 1907, which would otherwise have been superior to the judgments before mentioned.

It then alleges that thereafter, with full knowledge of the mistake of fact on the part of the plaintiff, the defendant C. G. Conn & Company sold the property under its judgment, and itself became a purchaser at the sale, the said sale being confirmed on September 23d, 1911. It then alleges that the Fees are insolvent.

The complaint then, for a further cause of action, makes substantially the same statement and allegation concerning another mortgage executed to him by the Fees on February 25th, 1908, for $400.

It then prays for the cancelation of the satisfactions mentioned; that plaintiff's mortgages for $1,000 and $400, respectively, be reinstated; that such mortgages be foreclosed, and that the lien for the sums due thereon, together with interest and taxes paid, and the amount paid for the satisfaction of the mortgages to Adam Hannah, be declared superior to the liens of the judgments and sales of the defendants C. G. Conn Company, Rockford Silver Plate Company, and W. J. Dyer & Brother.

This complaint certainly sets forth a good cause of action, and this in spite of the fact that it does not allege that the plaintiff searched the records in order to ascertain the correctness of the abstract furnished him. The rule of law, indeed, is well established that where an instrument has been surrendered or discharged, or an encumbrance or charge has been satisfied through mistake, the party making the same is entitled to be replaced in his original position, provided only that other creditors have not been induced by the action of the plaintiff

or petitioner to change their position, and have not lost any substantial and material rights by such action. 2 Pom. Eq. Jur. § 871; 27 Cyc. 1433; White v. Stevenson, 144 Cal. 104, 77 Pac. 828; Pearce v. Buell, 22 Or. 29, 29 Pac. 78; Young v. Shaner, 73 Iowa, 555, 35 N. W. 629; Ricker v. Stott, 13 S. D. 208, 73 N. W. 47; Woolson v. Kelley, 73 Minn. 513, 76 N. W. 258; Bowen v. Gilbert, 122 Iowa, 448, 98 N. W. 273; 58 L.R.A. 794, note; McConnell v. American Nat. Bank, 59 Ind. App. 319, 103 N. E. 809.

We have examined the cases cited by counsel for the appellants and none of them shake our conviction in the correctness of the rule announced; nor does the record disclose that the defendants lost anything or surrendered any rights on account of the mistake of the plaintiff; nor is the plaintiff precluded from recovering by reason of the fact that he relied upon the abstract and failed to examine the original records; nor is there any merit in the contention that the evidence fails to show the exact date to which the abstract was continued.

The question, indeed, is one of mistake, and not of negligence. It is not a case of an interference with any vested rights. It is not a case for the application of the rule that where one of two innocent persons must suffer, he whose act first made the loss possible must bear the burden. The judgment creditors lost nothing by the mistaken action of the plaintiff. Their judgment liens are still intact. The satisfactions were not executed until the 30th day of March, 1909, nor recorded until the 2d day of April and the 20th day of April, respectively. The mistake was not ascertained by the plaintiff until May 22, 1909. Soon after discovering the same the plaintiff notified the defendant C. G. Conn Company of the fact and commenced this action in 1911, and prior to these times the judgment creditors had not changed their position, nor sought to enforce their judgments, although after the notice to it and on the 16th day of September, 1911, the defendant C. G. Conn Company, sold the property under its execution. It is clear, too, from the record that before executing the releases in question the plaintiff wrote to and instructed the Rolette Abstract Company and his attorney, C. R. Gailfus, only to place the satisfactions upon record provided that "there were no intervening liens or encumbrances which have taken effect subject to the executions or mortgages, and only if they were convinced that the record title would be

clear." Such being the case, there can be no ground for denying the plaintiff relief on account of negligence or for any other cause. 27 Cyc. 1433, and cases before cited. Even though the abstract company and Gailfus may have, to a certain extent, been the agents of the plaintiff, Strchlow, it is clear that they too acted as the result of a mistake, and, as we before stated, this is not a case where negligence is involved or is material.

Nor is there any merit in the contention that the evidence does not sustain the finding of the trial court that "the two Hannah mortgages were due and owing, and that cause for foreclosure existed on December 5th, 1908, and that satisfactions of the same were delivered in lieu of assignments." It is clear that the satisfactions were executed as a result of a mistake of fact. It is also clear that the foreclosure was not sought until a time long past the maturity of the notes.

The judgment of the District Court is affirmed.