**Diane REULE, Plaintiff and Appellant,**

v.

**BISMARCK PUBLIC SCHOOL DISTRICT, a public corporation, and Marjorie Peterson, Defendants and Appellees.**

**Civ. No. 10990.**

Supreme Court of North Dakota.

Oct. 28, 1985.

Daniel J. Chapman, of Chapman & Chapman, Bismarck, for plaintiff and appellant.

Lisa J. Wheeler (argued) and David L. Peterson, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, P.C., Bismarck, for defendants and appellees.

VANDE WALLE, Justice.

Diane Reule appealed from the summary judgment dismissing her action against the Bismarck Public School District and one of its teachers, Marjorie Peterson, arguing that the immunity extended to the School District in this case [pursuant to our decision in *Kitto v. Minot Park District*, 224 N.W.2d 795 (N.D.1974)] should not also apply to the teacher.[1] We affirm in part, reverse in part, and remand.

1. The incident that underlies this claim occurred prior to our decision in *Kitto*. In *Kitto* we abolished the doctrine of governmental immunity, holding that "governmental bodies, other than the state government, are subject to suit for damages to individuals injured by the negligent or wrongful acts or omissions of their agents and employees." 224 N.W.2d at 797.

Both counsel agree that the issue of whether this court's decision to apply *Kitto* prospectively violates the Equal Protection Clause of the United States Constitution was not raised below and is not properly before this court.

Since our decision in *Kitto*, the North Dakota Legislature has enacted Chapter 32–12.1, N.D. C.C., which concerns the liability of political

Reule was injured by another student on a Bismarck school playground in 1972. Peterson was the teacher in charge of the playground at the time of the accident. Reule alleged in her complaint that her injuries were the result of negligence of the School District and Peterson. Specifically, Reule alleged that Peterson "neglected to carefully perform her responsibilities to segregate persons who might constitute a danger to other persons on the playground, ..." The trial court dismissed the complaint, stating that Peterson "was sued as an agent of the school district" and that "[t]here are no allegations that she acted outside the scope of her authority." The trial court held that because Peterson acted merely as an agent of the school, she acquired the same immunity as the School District absent a showing of bad faith on her part.[2]

 The necessary assumption to the lower court's decision is that Peterson was sued only in her capacity as an agent of the school. We cannot agree. Under North Dakota law, complaints are construed liberally so as to do substantial justice. Rule 8(a), N.D.R.Civ.P. It is also this State's preference to reach the merits of a complaint whenever a remedy exists. See, e.g., *Gowin v. Hazen Memorial Hospital Assn.*, 311 N.W.2d 554 (N.D.1981). Summary judgment will be granted only if there is no genuine issue as to any material fact and the party seeking summary judgment is entitled to it as a matter of law. Rule 56(c), N.D.R.Civ.P. In this case, the complaint lists Peterson as a named defendant and alleges that she neglected to perform her responsibilities carefully by failing to segregate persons who may constitute a danger to other persons on the playground. Reule also alleges that as a "direct and proximate result" of Peterson's negligence, she suffered injury. And in her prayer for relief, Reule requests judgment against both of the defendants. Thus it is clear that Reule intended to sue both the School District and Peterson. And despite Reule's single instance of referring to Peterson's capacity as the School District's agent, it is clear from the rest of the complaint that Peterson was also sued in her individual capacity.

In making this decision, we do not address the issue of whether Peterson can be held liable for the injuries to Reule; that issue involves ascertaining the facts and applying the relevant rule of law. We hold only that because the trial court assumed Peterson was sued solely in her capacity as an agent, its entry of summary judgment was error.

The judgment of dismissal against Reule and in favor of the Bismarck Public School District is affirmed; the judgment of dismissal against Reule and in favor of Peterson is reversed. The case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

subdivisions and their employees. Because of the date on which this cause of action arose, Chapter 32–12.1 is not applicable.

2. *But see Spielman v. State,* 91 N.W.2d 627 (N.D. 1958).