**ALLIED GROUP MORTGAGE CORPORATION, Plaintiff and Appellee,**

v.

**Wayne DEWING, Defendant and Appellant,**

and

**any persons in possession, Defendants.**

**Civ. No. 920318CA.**

Court of Appeals of North Dakota.

March 22, 1993.

Paul M. Hubbard (argued), of Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, for plaintiff and appellee.

William D. Schmidt (argued), of Wheeler Wolf, Bismarck, for defendant and appellant. Appearance by Wayne Dewing, defendant and appellant.

VERNON R. PEDERSON, Surrogate Judge.

Wayne Dewing appeals from a judgment which foreclosed a real estate mortgage on land that Dewing owned in Burleigh County. We affirm.

In 1979, Wayne executed the mortgage in question in favor of First Federal Savings and Loan and it was thereafter assigned to Allied Group Mortgage Corporation [Allied]. Allied was also handling the servicing of a mortgage executed by Gaylen Dewing on another tract of land. When Gaylen Dewing paid his loan in full in 1991, Allied mistakenly prepared and filed a satisfaction of Wayne Dewing's mortgage. Upon discovery of its mistake, Allied prepared and filed a document which it entitled "Revocation of Release and Satisfaction of Mortgage."

Wayne was in default on his loan so Allied started this foreclosure suit. The complaint did not explicitly ask that the court relieve Allied from the consequences of its mistake, but did allege that:

Plaintiff mistakenly filed a mortgage release on August 29, 1991, which error was noted by virtue of a notice filed February 3, 1992. No consideration existed for the release and the mortgage debt and mortgage are still valid and outstanding.

In addition to a demand for a judgment of foreclosure, Allied asked "That it be adjudged and decreed that the mortgage and the mortgage debt are valid and outstanding...."

In his answer to this complaint, Wayne asserted as an affirmative defense that the satisfaction of mortgage estopped Allied from seeking foreclosure.

Allied then moved that the court grant summary judgment of foreclosure as a matter of law, supported by a Rule 56, N.D.R.Civ.P., affidavit and memorandum brief. Wayne's affidavit and resistance to Allied's motion raised no issue of material fact. The trial court concluded that there were no disputed issues of material fact, held that the mortgage was valid, and entered judgment foreclosing the mortgage. Wayne appealed.

The North Dakota Supreme Court has long recognized actions in equity to reinstate a mortgage satisfied or released through mistake. In *Strehlow v. Fee*, 36 N.D. 59, 161 N.W. 719, 720 (1917), the court stated:

The rule of law, indeed, is well established that, where an instrument has been surrendered or discharged, or an incumbrance or charge has been satisfied through mistake, the party making the same is entitled to be replaced in his original position, provided only that other creditors have not been induced by the action of the plaintiff or petitioner to change their position and have not lost any substantial and material rights by such action.

In *Westgard v. Farstad Oil, Inc.*, 437 N.W.2d 522, 527 (N.D.1989), the court, after citing several widely recognized authorities in the fields of real property and mortgages in support of the rule from *Strehlow v. Fee*, quoted from *Holzmeyer v. Van Doren*, 172 Or. 176, 139 P.2d 778, 784 (1943), as follows:

"All men may make mistakes, and the law would lose much of the respect which is now accorded to it if it compelled a man to persist in his mistakes when he can be relieved therefrom without injuring the interests of anyone. By relieving the plaintiff of the mistake which he made, the appellant's condition is made no worse; he is not entitled to have it made better through an unfortunate mistake made by the plaintiff."

Wayne acknowledges that the *Strehlow/Westgard* rulings authorize reinstatement of mortgages satisfied through mistake, but asserts that Allied did not specifically request reinstatement and the trial court did not specifically grant reinstatement.

■ Under Rule 8, N.D.R.Civ.P., all pleadings are to be liberally construed so as to do substantial justice. The rule requires that the complaint contain a short and plain statement of the claim and a demand for judgment for the relief sought. The purpose of the rule is to put the defendant on notice as to the nature of the plaintiff's claim, and pleadings that indicate generally the type of claim involved satisfy the spirit of the rule. *See Reule v. Bismarck Public School District*, 376 N.W.2d 32, 33 (N.D.1985), and *Jablonsky v. Klemm*, 377 N.W.2d 560, 565 (N.D.1985).

The Supreme Court has recognized that the plaintiff's failure to explicitly request specific equitable relief is not fatal to his claim. *Harrington v. Harrington*, 365 N.W.2d 552, 557 (N.D.1985). As noted in *First National Bank and Trust Co. v. Scherr*, 456 N.W.2d 531, 534–535 n. 5 (N.D. 1990):

> Although we express no opinion about the sufficiency of Pius's proposed amended pleading, we note that it alleges specific facts to state either a mutual mistake by the parties or a unilateral mistake by him about which the Bank knew. Although Pius's prayer for relief did not specifically request reformation, his breach of contract claim sought "such other and further relief as [the] Court may deem just and proper." Although the parties may not have requested an equitable remedy, a district court has equitable jurisdiction to provide a remedy where none exists at law whenever the pleadings sufficiently give notice of the party's right to relief and demand for judgment.

■ In its complaint, Allied alleged that the satisfaction of mortgage was filed by mistake and that there was no consideration therefor. The prayer for relief sought, among other things, a declaration that the mortgage was valid and outstanding, and for "such other and further relief as the Court may deem just and equitable." Under our liberal pleading rules, and the circumstances here, Allied's failure to explicitly request reinstatement of the mortgage is not fatal. *See Harrington v. Harrington, supra.* Wayne has not argued that he did not understand the nature of Allied's claim, or that he was somehow unfairly misled by the pleadings.

■ Wayne does assert that the trial court did not specifically order that the mortgage be reinstated before it granted foreclosure. Again, we believe that Wayne exalts form over substance. *See* Section 31–11–05(19), N.D.C.C. ["The law respects form less than substance."] Although the court did not use the specific term "reinstatement," by implication, it reached the same result. After a Recitation of Undisputed Facts, the court concluded as law that the mortgage was "valid and outstanding." We would prefer more clear and explicit words, but there can be no doubt as to the import of the court's ruling—it vacated the satisfaction and reinstated the mortgage.

■ Finally, Wayne asserts that "[t]he question here is simply one of remedy," and that Allied should be precluded from seeking reinstatement and foreclosure because other remedies "may be" available. It is clear, however, that Allied was entitled to reinstatement and foreclosure of its mortgage under *Westgard v. Farstad Oil, Inc., supra,* and *Strehlow v. Fee, supra.* Wayne does not argue that the underlying debt had been paid or that innocent third parties would be affected by the reinstatement, and he has not demonstrated that he was prejudiced in any way by the reinstatement. Under these circumstances we need not be concerned about questions concerning the existence of other remedies.[1]

---

1. The Supreme Court has said: "A lender that takes a mortgage on real property as security for a debt foregoes its right to proceed initially against the mortgagor directly on the debt...." *H & F Hogs v. Huwe*, 368 N.W.2d 553, 556 (N.D.1985).

There is irony in Wayne's assertion that equity precludes Allied's attempt to reinstate and foreclose its mortgage. The result urged by Wayne would clearly unjustly enrich him and penalize Allied for an innocent mistake. Equity does not condone that.

The judgment of the district court is affirmed with no costs to either party on the appeal.

DONALD L. JORGENSEN, District Judge, and RALPH J. ERICKSTAD, Chief Surrogate Judge, concur.