RUBY R. SWINDELL v. B. H. STEPHENS ET AL.

(Filed 30 March, 1927.)

**Mortgages—Cancellation—Forgery—Registration—Liens.**

As against the mortgagee of a third mortgage given on the same lands to secure borrowed money, the wrongful cancellation by a forged entry on the margin in the registration book is a nullity, and the lien continues until the payment of the debt it secures, as prior to that of the third mortgage, when the second mortgage lien has lawfully been canceled of record. C. S., 2594(2).

APPEAL by defendant North Carolina Joint-Stock Land Bank from *Nunn, J.,* at October Term, 1926, of BEAUFORT. Affirmed.

Action to have cancellation of deed of trust, appearing on the record in the office of the register of deeds of Beaufort County, declared null and void, on the ground that same is a forgery, and for decree of foreclosure of said deed of trust.

From judgment upon statement of agreed facts, defendant, North Carolina Joint-Stock Land Bank, appealed to the Supreme Court.

*L. C. Warren and H. C. Carter for plaintiff.*
*Ward & Grimes for defendant A. W. Baker.*
*Allen & Duncan and Harry McMullan for defendant N. C. Joint-Stock Land Bank.*

CONNOR, J. Plaintiff, Ruby R. Swindell, is now the holder in due course of four notes, executed by B. H. Stephens, and payable to the order of W. H. Hooker, A. W. Baker, and N. L. Simmons, trustee. Those notes, endorsed by the payees named therein, were transferred, before maturity, to the plaintiff, as collateral security for a note executed by the Washington-Beaufort Land Company, payable to plaintiff, which is now due and unpaid. They are secured by a deed of trust, executed by B. H. Stephens to W. L. Vaughn, trustee, dated 15 January, 1920. The land conveyed by said deed of trust is situate in Beaufort County; the deed of trust is duly recorded in the office of the register of deeds of said county. In the spring of 1923, an entry was made upon the record in the office of the register of deeds purporting to be a cancellation of the deed of trust from Stephens to Vaughn, trustee, by the register of deeds of Beaufort County, under the provisions of the Revisal of 1905, section 1046 (now C. S., 2594, subsec. 2). This cancellation is a forgery; it was not entered by the register of deeds or by his deputy. It was entered by N. L. Simmons without the knowledge or consent of the register of deeds or of his deputy. At the date of the said forged cancellation, the plaintiff was in possession of said deed of trust, and of the notes secured thereby; she had no knowledge that said deed of trust had been canceled upon the record until November, 1924. This action was begun on 23 January, 1925.

Subsequent to the registration of his said deed of trust to W. L. Vaughn, trustee, B. H. Stephens conveyed the land described therein to the Washington-Beaufort Land Company, by deed dated 21 November, 1921. Thereafter, by deed dated 14 January, 1922, the Washington-Beaufort Land Company conveyed the said land, together with other lands, to Frank Cuthrell. Both said deeds were duly recorded in the office of the register of deeds of Beaufort County.

At the date of the execution of the deed to him by said land company, Frank Cuthrell executed a deed of trust, by which he conveyed to W. L. Vaughn, trustee, the land conveyed to him by said land company to secure the payment of his note to the said land company, aggregating the sum of $6,000. This deed of trust was duly recorded in the office of the register of deeds of Beaufort County. On 20 February, 1923, the Washington-Beaufort Land Company transferred to J. H. Howard, as collateral security for its note to the said Howard, in the sum of $3,500, the deed of trust from Frank Cuthrell to W. L. Vaughn, trustee, together with duplicates of the notes secured therein, which N. L. Simmons, president of said land company, had procured by fraudulent representations from Frank Cuthrell. Thereafter, the register of deeds of Beaufort County, without the consent of J. H. Howard, or of W. L. Vaughn, trustee, canceled the deed of trust from Frank Cuthrell to W. L. Vaughn, trustee, by an entry on the record of same in the following words:

"The original of this instrument, together with the notes secured thereby having been presented to the undersigned marked 'Fully paid and satisfied' by the mortgagee, I hereby cancel the same of record under and by virtue of authority contained in paragraph 2, section 2594, of the Consolidated Statutes of North Carolina. This 25 October, 1923.

G. Rumley,
Register of Deeds."

On 27 June, 1923, Frank Cuthrell executed a deed of trust, by which he conveyed to defendant First National Trust Company, trustee, the land described in the deed of trust from B. H. Stephens to W. L. Vaughn, trustee, and subsequently conveyed to him by the Washington-Beaufort Land Company to secure his note for $3,000, payable to the order of the North Carolina Joint-Stock Land Bank. This deed of trust was duly recorded in the office of the register of deeds of Beaufort County on 10 August, 1923. The note secured in said deed of trust is now due and unpaid.

Neither the First National Trust Company nor the North Carolina Joint-Stock Land Bank had actual notice, at the time of the execution of the deed of trust by Frank Cuthrell, or at the time the loan, evidenced by this note secured therein, was made, that the cancellation of the deed of trust from B. H. Stephens to W. L. Vaughn, trustee, was a forgery, or that there was any irregularity in the cancellation of the deed of trust from Frank Cuthrell to W. L. Vaughn, trustee. Each relied, in good faith, upon the record in the office of the register of deeds of Beaufort County, showing that both said deeds of trust had been canceled in accordance with the provisions of the statute.

SWINDELL *v.* STEPHENS.

Upon consideration of the facts agreed, it was considered and adjudged by the court:

1. That the cancellation of the deed of trust executed by B. H. Stephens to W. L. Vaughn, trustee, securing the notes now held by plaintiff, is void and of no effect, for that same is a forgery; and that plaintiff has the first lien upon the lands described in said deed of trust for the amount due upon the notes secured therein, now owned by her.

2. That the cancellation of the deed of trust executed by Frank Cuthrell to W. L. Vaughn, trustee, securing the notes recited therein, duplicates of which are held by J. H. Howard, is a valid discharge of the land described therein, from said deed of trust, in so far as the North Carolina Joint-Stock Land Bank is concerned.

It was further ordered and decreed that the land described in the deed of trust from B. H. Stephens to W. L. Vaughn, trustee, be sold by commissioners appointed in said decree, and that out of the proceeds of said sale, the commissioners, after paying the costs of the sale, and taxes due upon said land, pay to plaintiff amount of the judgment rendered in her behalf against the maker and endorsers of the notes held by her; and that the balance, if any, remaining in their hands be paid by them to the clerk of the Superior Court of Beaufort County, to be held by him subject to further orders of the court.

The exception of defendant North Carolina Joint-Stock Land Bank to the judgment cannot be sustained.

It is agreed that the cancellation of the deed of trust from Stephens to Vaughn, trustee, is a forgery. It is therefore void and of no effect. *Ins. Co. v. Cates, ante,* 456.

It is further agreed that the cancellation of the deed of trust from Cuthrell to Vaughn, trustee, was entered on the record by the register of deeds, who was authorized by statute to cancel the deed of trust, upon the exhibition to him of the deed of trust, with the notes secured thereby, endorsed by the trustee, in the deed of trust, or by the payee of the notes secured thereby, "Paid and satisfied." This cancellation, as same appears upon the record, is regular in all respects; it is a discharge of the land from the lien of the deed of trust, certainly in so far as the North Carolina Joint-Stock Land Bank is concerned. *Guano Co. v. Walston,* 187 N. C., 667.

Defendant's sole assignment of error, based upon its exception to the judgment, is not sustained. The judgment is

Affirmed.