THE COMMERCIAL BUILDING & LOAN CO. *v.* FOLEY
ET AL.

*Mortgages—Release on record by mistake of recorder—Fore-closure lies against subsequent mortgagees and pur-chasers relying on record, when—Landowners paying on mortgage, knowing it unsatisfied, cannot complain of fore-closure, when.*

1. Where a first mortgage on real property is released on the record by the mistake of the recorder and thereafter the property is mortgaged to a second mortgagee and sold to purchasers, all of whom relied upon the record and did not know of the mistake, the first mortgage may be foreclosed against the second mortgagee and the pur-chasers, since none of the parties are at fault and all are equally protected by statutes, and in this situation the oldest claim must prevail.
2. Where owners of mortgaged real property paid interest and dues on the mortgage knowing it to be unsatisfied, they might not complain of the foreclosure of the mort-gage, whether or not they knew that the mortgage had been released on the record.

(Decided April 7, 1927.)

APPEAL:   Court of Appeals for Scioto county.

*Mr. S. Anselm Skelton,* for plaintiff.
*Mr. George M. Osborn, Mr. Russell K. McCurdy,* and *Messrs. Miller & Searl,* for defendants.

MIDDLETON, J.   This cause comes into this court on appeal from the court of common pleas of Scioto county.   It is an action for the foreclosure of a mortgage which is claimed by the plaintiff to be a first and subsisting lien on certain real estate situate in the city of Portsmouth, Ohio.   The cause was

submitted on a finding or stipulation of facts made by the lower court and entered in its decree. From this finding of facts it appears that plaintiff's mortgage was made and executed by one Albert Hilliard and his wife to secure a loan of $1,800; that said mortgage was duly delivered to the recorder of Scioto county, Ohio, on the 4th day of August, 1916, and was recorded in volume 80, at page 366, of the Records of Mortgages in said county. It further appears that the real estate covered by said mortgage was on the 12th day of May, 1917, duly conveyed by deed of the said Hilliard and wife to one Clyde Salser, and that thereafter said real estate was conveyed and transferred to and held by various parties under deeds of conveyance, none of which referred to or made any exception in the warranty clause in respect to plaintiff's mortgage, and that at the time of the filing of plaintiff's petition said real estate was held in the name of Anna L. Foley and James Lowell Foley, defendants herein, subject to a mortgage held by the defendant, the Portsmouth American Building & Loan Association Company, executed on the 29th day of March, 1923, to secure a loan of $3,300 made to one Carter Prince, who was then the owner of said real estate. It is further specified in said finding of facts that from August 3, 1916, until May 5, 1925, the dues and regular payments of the mortgage loan of plaintiff were paid by said Hilliard and Salser and one Marion Nelson and the defendant, the Land Office Company, the last two parties named being owners of said real estate at dates subsequent to the time it was owned by Salser and prior to the time that it was held by Carter Prince. It is further shown in said finding of facts that on the 10th

day of August, 1916, the plaintiff made a loan to one Delmer F. Scott and his wife in the sum of $1,400, and that said last-named parties, to secure the payment of said loan, executed and delivered to the plaintiff a mortgage deed on certain real estate situate in the village of Sciotoville, Ohio, and that said mortgage deed was recorded in the office of the recorder of Scioto county in volume 80, page 367, of the Mortgage Records of said county, said record being made on the page following the page on which the Hilliard mortgage was recorded; that on the 17th of October, 1917, the said Scott and his wife paid to the plaintiff in full the amount of their said loan, and that thereupon their original mortgage was handed to them with the following release thereon:

"Portsmouth, Ohio, Oct. 17, 1917.

"The within mortgage having been paid in full, the same is hereby released. By order of the board of directors. The Commercial Building and Loan Co., per George E. Kricker, Sec."

And it further appears that when this mortgage was presented with said release thereon to the recorder of Scioto county for entry, said officer by mistake entered said release and cancellation on the margin of the record of the Hilliard mortgage, instead of on the mortgage of the Scotts aforesaid, which release was entered October 20, 1917; and the lower court found that the defendant, the Portsmouth American Building & Loan Association, before making its loan aforesaid, examined the records and found that such release had been entered on the margin of the record of the Hilliard mortgage and relied on such record and then made its loan; that it did not know a mistake had been made in

the release of plaintiff's mortgage; and that James Lowell Foley purchased said real estate relying on the records, and not knowing that a mistake had been made in the release of plaintiff's mortgage.

The single question, therefore, presented by the record is whether the plaintiff company, under the foregoing facts, may assert the lien of its unpaid, but released, mortgage against said owners and mortgagee, none of whom it was found had any notice or knowledge that plaintiff's mortgage had been released by the mistake of the recorder. While the courts are not in accord on this question, the great weight of authority supports the right of plaintiff to enforce the lien of its mortgage. *Harris* v. *Cook,* 28 N. J. Eq., 345; *Heyder* v. *Excelsior Bldg. & Loan Ass'n.,* 42 N. J. Eq., 403, 8 A., 310, 59 Am. Rep., 49; *Brown* v. *Henry,* 106 Pa., 262; *Berryman, Trustee,* v. *Becker,* 173 Mo. App., 346, 158 S. W., 899; *Bruce* v. *Bonney,* 78 Mass., (12 Gray), 107, 71 Am. Dec., 739; *De St. Romes* v. *Blanc,* 20 La. Ann., 424, 96 Am. Dec., 415. In the authorities cited the courts have not followed the same reasoning, but in several cases it has been said that the right of the original mortgagee to enforce his claim rests upon the application of the equitable doctrine that "when there are equal equities, the first in order of time shall prevail."

It is said in *Heyder* v. *Excelsior Building Loan Assn., supra:*

"Between a mortgagee, whose mortgage has been discharged of record, solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied and discharged, the equities are balanced, and the rights,

in the order of time, must prevail. The lien of the mortgage must remain, despite the apparent discharge.''

The doctrine of this case applies unqualifiedly to the facts in the instant case. Here we have a situation where the plaintiff and the defendants have substantial and valuable interests involved. Neither the plaintiff nor the defendants were at fault, and none of the parties interested were in any manner whatever connected with or involved in the action of the recorder in releasing the mortgage. All of the parties are equally protected by statutory laws which ordinarily afford ample security against a loss occurring in the manner presented here. Under this situation, we hold that the oldest claim must prevail.

Some of the courts, however, seem inclined to give priority to the original mortgage on other grounds. In *Harris* v. *Cook, supra,* the court, in substance, said that parties purchasing land may effectually protect themselves by requiring some proof that preceding mortgages have in fact been satisfied. But nothing, said the court, short of constant watch will protect a mortgagee against the making of a false entry of satisfaction. We cannot understand from the facts submitted why certain owners of this property paid the interest and dues on plaintiff's mortgage up to May 5, 1925, and a short time prior to the institution of this suit. Certainly the owners who made these payments knew that plaintiff's mortgage had not been satisfied, and whether they knew of the release or not they would have no right to complain.

Again, it appears to be the conclusion of other courts that a release of the mortgage, made by a

third person not authorized to make such release, is wholly null and void, as a matter of law. In *Brown* v. *Henry, supra,* the facts were that four mortgages had been given on adjoining properties by the same parties to the same mortgagee and were recorded on consecutive pages of the same book. B became the owner of three of these mortgages, and A of the other one. One of B's mortgages was paid and he undertook to enter the release of the mortgage so paid on the record, but in fact entered the release on the record of A's mortgage. C was the purchaser of the land on which A had the mortgage, and, having bought on the strength of a certificate of the recorder that there were no liens on the property, set up that he was an innocent purchaser for value and without notice. The court held this defense was not good because the release was not authorized, and said:

"It is immaterial whether the want of authority is the result of fraud or of mistake. The authority to enter satisfaction is lacking in either case, and because of its absence the satisfaction is worthless."

In *Berryman* v. *Becker, supra,* it is held:

"A recorder, by making an unauthorized or incorrect notation of release on the record of a mortgage or deed of trust, cannot prejudice the rights of the owner of the note secured thereby."

Opposed to the authorities cited as aforesaid are the cases of *Burton* v. *Reagan,* 75 Ind., 77, and *Ferguson* v. *Glassford,* 68 Mich., 36, 35 N. W., 820. These cases are relied on by the defendants, and are the only authorities submitted in support of their contention, and are the only cases on that side of the question we have been able to find in our

own investigation. The *Burton case,* however, is of no value as a precedent, for in the case of *Reeves, Gdn.,* v. *Hayes,* 95 Ind., 521, a wholly different rule was adopted and followed by a majority of the court. In that case it was held that the assignee of a mortgage held a prior lien to a subsequent purchaser in good faith, without notice, although the original mortgagee had entered a release of the mortgage after he had assigned the same, and such assignment was not of record. This decision was made before the statutes of that state required all assignments to be entered of record. The *Michigan case,* aforesaid, supports the defendants' claim, but in that case the court found as a fact that the subsequent purchaser had notice that the mortgage had not been paid, and, therefore, that the mortgage was an existing lien.

As before observed, in view of the various authorities dealing with this controversy we are content to apply the rule that the equity first in order of time is entitled to priority, and that the plaintiff therefore has the right to enforce the lien of its mortgage.

A decree in foreclosure will be allowed, and the cause will be remanded to the court of common pleas for further proceedings according to law.

*Decree for plaintiff.*

MAUCK, J., concurs.

SAYRE, P. J., not participating.