This is a bill to foreclose a mortgage made by Josephine Sozzi and Frank Sozzi, her husband, to Emilio Scardone, dated March 17th, 1928, to secure the sum of $3,000 at the expiration of one year, with interest at six per cent. This mortgage was duly recorded in the office of the register in Camden county in book 330 of mortgages, page 110.
On December 5th, 1928, the said Josephine Sozzi and Frank Sozzi conveyed said land to the City Baking Company of Mount Ephraim, New Jersey, which deed was duly recorded. Frank Sozzi was the president of said baking company.
On or about the 9th day of May, 1928, Josephine Sozzi and Frank Sozzi mortgaged said land to the F.W. Duckworth Bond and Mortgage Company, to secure the payment of the *Page 416 
sum of $8,000. Other mortgages and judgments are set forth in the bill.
The answer of the F.W. Duckworth Bond and Mortgage Company is that the said Scardone's mortgage was discharged of record on the 8th day of May, 1928, by virtue of a certificate directing the discharge thereof, and duly recorded in the office of the register of deeds in the county of Camden.
The complainant contends that said warrant to satisfy is a forgery and without effect. It is unnecessary to go into the details of the testimony. I am satisfied that said warrant to discharge was and is a forgery. It has been the law for many years that cancellation of a mortgage on the record is onlyprima facie evidence of its discharge, and it is left to the owner making the allegation to prove the canceling to have been done by fraud, accident or mistake. Such proof being made, the mortgage will be established, even against subsequent purchasers or mortgagees without notice. Heyder v. Excelsior BuildingLoan Association, 42 N.J. Eq. 403; Trenton Banking Co. v.Woodruff, 2 N.J. Eq. 117; Harrison v. New Jersey Railroad andTransportation Co., 19 N.J. Eq. 488, and Mr. Justice Knapp, speaking for the court of errors and appeals, in Heyder v.Excelsior Building Loan Association, supra, said: "Between a mortgagee, whose mortgage has been discharged of record, solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied and discharged, the equities are balanced, and the rights, in the order of time, must prevail. The lien of the mortgage must remain, despite the apparent discharge."
This reasoning was followed by Vice-Chancellor Lane inSterling Leather Works v. Schwarzwaelder on appeal of theLiberty Trust Co., 88 N.J. Eq. 378, affirmed by the court of errors and appeals, opinion by Vice-Chancellor Lane, same volume and page.
It follows, therefore, that the complainant is entitled to a decree adjudging his mortgage to be prior in lien to the mortgage made to the F.W. Duckworth Bond and Mortgage Company. *Page 417