## FARMERS SAVINGS & LOAN CO., Plaintiff-Appellee, v. KLINE, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3461.   Decided November 8, 1951.

Zieger & Coope, Youngstown, for plaintiff-appellee.
W. L. Countryman, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Plaintiff bank held mortgages on a property owned by Lester Creed and his wife, Letitia Creed, and on another property owned by Gerald F. Carver and his wife, Jean E. Carver.

On May 5, 1949, the officers of plaintiff bank signed the following release of its mortgage held on the property of Gerald F. and Jean E. Carver: "The conditions of this mortgage have been complied with and the same is here satisfied and discharged."   Subsequently that release was filed with the recorder of mortgages of Mahoning county for record.

On May 7, 1949, that release was mistakenly recorded by such recorder on the margin of the mortgage plaintiff bank held on the property of Lester and Letitia Creed situated at Shilling Mills, where they conducted a restaurant.

On June 13, 1950, defendant Kline obtained a judgment against Lester and Letitia Creed in the court of common pleas. A search of the records of the clerk of that court and of the recorder of Mahoning county, made by him subsequent to June 13, 1950, revealed such mortgage had been released, and that the Creed property was free of judgment and mortgage liens.

Claiming he was induced and influenced to withhold issuance of an order of sale of Creed's property to permit them to sell it and thus save them court costs defendant claims he refrained from issuing such order of sale timely.

Subsequently Lester and Letitia Creed had domestic difficulties, as the result of which their business declined, and Letitia Creed refused to join Lester Creed in a deed to either of two bona fide purchasers of their property for an amount in excess of what it could have been sold for at the time of trial in the court of common pleas.

In September, 1950, by the action we review, filed in the court of common pleas, plaintiff bank claimed a lien on Creed's property, and contended that the release and satisfaction quoted supra and delivered to the Recorder of Mahoning County was intended as a release of its mortgage on the property of Gerald F. and Jean E. Carver, and prayed the court of common pleas to strike from the Recorder's record of its mortgage on the Creed property the mistakenly recorded cancellation and satisfaction, and that its mortgage lien be declared a lien on their property prior to defendant's judgment lien.

The trial judge held, and entered his judgment accordingly, that since the recorder mistakenly released the plaintiff's mortgage on Creed's property that the lien of plaintiff bank was entitled to be, and he restored its mortgage to priority over defendant's lien, and held:—

"An order to correct the mistake of the Recorder by removing the Creed mortgage cancellation and entering such cancellation as of the Carver mortgage has, on motion, been made and is hereby renewed."

Defendant Kline appealed from the finding and judgment of the trial court to this court on questions of law, and by brief inquires: "Does the restoration to record of a mortgage which has been recorded as discharged operate to endow it with priority over a lien obtained, by an innocent third party during the time the discharge of said mortgage was of record?"

By sole assignment of error defendant contends that: "The conclusion reached, and the judgment rendered by the trial court, is contrary to the law of Ohio in that it restored the lien of a mortgage which had been unqualifiedly released and cancelled of record, and in so doing awarded to said mortgage priority over the lien which had been acquired during the time said mortgage was released of record"; and consequently contends such judgment is prejudicially erroneous to defendant Kline.

It is conceded that such a mistake of the recorder can be

corrected, but not "at the expense of and to the prejudice of innocent intervening third parties."

Appellant argues that if, as provided by §8542 GC, mortgages are effective from the instant of delivery to the recorder for record, likewise release of a mortgage is effective from the instant of delivery thereof to such recorder.

In the case of **Commercial Building & Loan Co. v. Foley, et al, 25 Oh Ap 402,** in which the facts were similar to those in the case we review, the court said:—

"While the courts are not in accord on this question, the great weight of authority supports the right of plaintiff to enforce the lien of its mortgage. * * *

"It is said in Heyder v. Excelsior Building Loan Assn., supra:

" 'Between a mortgagee, whose mortgage has been discharged of record, solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied and discharged, the equities are balanced, and the rights, in the order of time, must prevail. The lien of the mortgage must remain, despite the apparent discharge.' "

In the opinion written in the case of Commercial Building & Loan Co. v. Foley, supra, the court cited the case of Harris v. Cook, 28 N. J. Eq., 345, and said:—

"'* * * that parties purchasing land may effectually protect themselves by requiring some proof that preceding mortgages have in fact been satisfied. But nothing, said the court, short of constant watch will protect a mortgagee against the making of a false entry of satisfaction."

In syllabus 1 of the case of Commercial Building & Loan Co. v. Foley, supra, the court announced as the law of that case that:—

"Where a first mortgage on real property is released on the record by the mistake of the recorder and thereafter the property is mortgaged to a second mortgagee and sold to purchasers, all of whom relied upon the record and did not know of the mistake, the first mortgage may be foreclosed against the second mortgagee and the purchasers, since none of the parties are at fault and all are equally protected by statutes, and in this situation the oldest claim must prevail."

There seems to be no doubt but that where, as in the case we review, the recorder mistakenly cancelled plaintiff's mortgage held on the property of Lester Creed and Letitia Creed instead of that held on the property of Gerald F. Carver and Jean E. Carver a court of equity may, as the trial court did, grant relief to plaintiff and set the erroneously made cancellation aside, notwithstanding that since the cancella-

tion of the mistakenly cancelled mortgage judgment liens may have attached to the lands, especially when by granting such relief defendant was not damaged.

If the recorder had not made the mistake to which reference has been made defendant's lien would have been junior to the mortgage lien of plaintiff bank, and by correcting such mistake defendant's lien position remains the same.

The evidence does not support defendant's contention that he "was induced by reason of the state of the record to pursue a course which if now taken from him will result in denying to him a lien," and that the property in question will not support the liens of the respective parties.

Our conclusion, which is supported by 59 Corpus Juris Secundum 364-7, is that the judgment of the court of common pleas must be and hereby is affirmed.

NICHOLS, PJ, concurs in judgment.
GRIFFITH, J, concurs.