**In re Phyllis J. O'REILLY, Debtor,**

**The HOME SAVINGS & LOAN CO., Plaintiff,**

v.

**Edward J. O'REILLY, et al., Defendants.**

Bankruptcy No. 81–0429.
Related Case: 81–00997.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 17, 1983.

Herbert Freeman, Norwalk, Ohio, for Home Sav. & Loan Co.

H. Buswell Roberts, Jr., Toledo, Ohio, for Phyllis and Edward O'Reilly.

Richard Lynch, Norwalk, Ohio, for Treasurer of Huron County.

Jeffrey Laycock, Norwalk, Ohio, for Citizens Nat. Bank.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Motion of Hill's Interiors, Inc., to determine the priority of liens. The issue presented to the Court upon the parties' memoranda is what position of priority does a mortgage hold if it was cancelled by an alleged fraudulent act of a bank officer (who is also the mortgagor), and refiled by

the bank subsequent to the recording of a mechanics lien upon the same property.

## FACTS

The Court finds the following undisputed facts:

1.) Home Savings & Loan Company (hereinafter referred to as the Bank) filed a valid mortgage on the real property of Phyllis J. and Edward J. O'Reilly on June 13, 1979.

2.) On May 9, 1980, the mortgage was cancelled of record by Edward J. O'Reilly. However, at the time of cancellation, the mortgage had not been paid. Additionally, at the time of the cancellation, Mr. O'Reilly was an officer of the mortgagee Bank.

3.) On or about June 14, 1980, Hill's Interiors, Inc. (hereinafter referred to as Hill's) commenced work upon the subject property. Such work was completed on or about August 6, 1980.

4.) On August 20, 1980, the Bank reasserted its lien by refiling the mortgage, attached thereto was an affidavit stating that the lien had been cancelled by fraud or mistake.

5.) On September 6, 1980, Hill's perfected its lien by filing the required affidavit for mechanic's lien with the Huron County Recorder.

## LAW

### I. *Mechanic's Lien.*

It is clear under the statutory law of Ohio that the perfection of a mechanic's lien by filing, relates back to the date the labor was first performed. Ohio Revised Code Ann. Section 1311.13(272).

"Liens under Sections 1311.01 to 1311.-24, inclusive, of the Revised Code are effective from the date the first labor is performed, or the first machinery, materials, or fuel is furnished by the contractor under the original contract, and shall continue for six years after an affidavit is filed in the office of the county recorder under section 1311.06 of the Revised Code. If an action is brought to enforce such lien within that time, it continues in force until final adjudication thereof, and such liens take priority as follows:

(A) If several liens are obtained by several persons upon the same job they have no priority among themselves, except that liens filed by persons performing manual labor have priority to the extent of the labor performed during the thirty days immediately preceding the date of the performance of the last labor.

(B) Such liens shall be preferred to all other titles, liens, or encumbrances which may attach to or upon such construction, excavation, machinery, or improvement, or to or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said construction, excavation, or improvement.

The recorder may destroy the record of all mechanic's liens which have been recorded for a period of ten years or longer."

In the case at bar, the Court has not been presented with a dispute over the validity of the mechanic's lien; accordingly, for the purposes of this Order, it is presumed that the mechanic's lien is valid. Therefore the filing of the lien on September 6, 1980, caused the perfection to relate back to June 14, 1980, the date on which the work was commenced.

### II. *Priority Status of the Refiled Mortgage.*

The crucial issue to be decided is whether the refiling of the mortgage, subsequent to the discovery that it had been cancelled, acted to revive the original filing for purposes of priority. If it did not act to revive the first mortgage filing, the effect would be to place Hill's mechanic's lien first in time, and thus first in priority. If it did act to revive the first mortgage filing, then the Bank's mortgage would be first in time, and accordingly would take in priority over Hill's mechanic's lien.

The case law appears to fall into four factual classifications:

1.) Cases where there had been a mistaken cancellation;

2.) Cases where there had been fraudulent conduct attributed to an intervening third party;

3.) Cases where there had been fraudulent conduct attributed to the mortgagee; and,

4.) Cases where there had been fraudulent conduct attributed to the mortgagor.

In those cases falling under the first category, that of a mistaken cancellation, the greater weight of authority, relying upon equitable principles, has held that a subsequent refiling of a mistakenly cancelled mortgage acted to revive the original filing date and priority status.

This principle has been articulated in the following manner:

"Between a mortgagee whose mortgage has been discharged of record solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied and discharged, the equities are balanced, and the rights in the order of time must prevail. The lien of the mortgage must remain despite the apparent discharge." *Heyder v. Excelsior Building & Loan Association,* 42 N.J.Eq. 403, 8 A. 310, 311 (1887).

*United States v. 168.8 Acres of Land, Scotland County, N.C.,* 35 F.Supp. 724 (M.D.N.C. 1940); *Farmers Savings & Loan Co. v. Kline,* 92 Ohio App. 406, 49 Ohio Op. 490, 109 N.E.2d 525 (1953); *Commercial Building & Loan Co. v. Foley,* 25 Ohio App. 402, 158 N.E. 236 (1927); *The State Savings & Loan Association v. Factor,* 23 Ohio N.P. (n.s.) 225 (1920); 59 C.J.S. *Mortgages* Section 282(c)(1) (1949).

To summarize this case law, where a mortgage is mistakenly cancelled, a subsequent refiling revives the original filing and its priority even as against a bona fide purchaser, for value, without notice and in reliance upon the record.

The facts of the case at bar, however, are substantially distinguishable and therefore this principle would not apply. Specifically, the parties before this Court have revealed that the mortgage in question was cancelled by Mr. O'Reilly, the mortgagor-bank officer. Such cancellation was apparently not a mistake, for the mortgage had not been paid.

The results in cases dealing with a fraudulent cancellation depend significantly upon who is responsible for the fraudulent cancellation. In the case where an intervening third party fraudulently cancels a mortgage, without authority or consent of the mortgagee, the result is the same as that of a mistaken cancellation as previously described. The mortgage could be revived without damage to the mortgagee's priority. *Zimmer v. Fryer,* 190 La. 814, 183 So. 166 (1938); *Union Central Life Insurance Co. v. Cates,* 193 N.C. 456, 137 S.E. 324 (1927); *Needham v. Caldwell,* 25 Tenn.App. 189, 154 S.W.2d 535 (1940); 59 C.J.S. *Mortgages,* Section 282(c) (1949).

However, in the case of fraudulent cancellation by the mortgagee, the Court in *Heyder,* supra, advanced the precedent that "[i]f through his (the mortgagee's) negligence the record is permitted to give notice to the world that his claim is satisfied, he cannot, in the face of his own carelessness, have his mortgage enforced against a bona fide purchaser taking his title on the faith that the registry is discharged. Where one gives to another the power to practice a fraud upon innocent parties, the Court will not interfere in his protection at the expense of those who have been deceived and misled by such fraud." 8 A. at 311. See also: *Wittenbrock v. Parker,* 102 Cal. 93, 36 P. 374 (1894); *McConnell v. American National Bank,* 59 Ind.App. 319, 103 N.E. 809 (1914); *Knickmeier v. Fleer,* 185 S.W.2d 57 (Mo.App.1945).

The final case is where the fraudulent cancellation occurs as a result of the actions of the mortgagor. If the mortgage is cancelled without fault of the mortgagee, negligent or otherwise, the release will not affect the rights of the mortgagee even as against a bona fide purchaser who relied upon the cancellation. *Union Central Life*

*Insurance Co. v. Cates,* supra; *Swindell v. Stephens,* 193 N.C. 474, 137 S.E. 420 (1927); *Scardone v. Sozzi,* 108 N.J.Eq. 415, 155 A. 376 (1931).

It is difficult to determine which of the last two categories covers the facts of the case at bar since the alleged fraud in this case was perpetrated by the mortgagor who was also an officer of the mortgagee-bank. Although the stipulation of facts does not encompass whether the cancellation was indeed fraudulent or not, suffice it to say that the lien was cancelled by Mr. O'Reilly who knew, or should have known, that the mortgage was not paid in full.

Placing Mr. O'Reilly, the mortgagor-bank officer, in the sole position of mortgagor, and presuming no fault was attributable to the bank, the result, according to the case law, would show that the refiling of the Bank's mortgage acted to revive the initial filing date for purposes of priority. In that case, the Bank's lien would be prior to the mechanic's lien of Hill's Interiors. If, however, the Bank was equally at fault because it was negligent in misplacing confidence or authority in Mr. O'Reilly, then the subsequent refiling would not relate back to the original filing and revive it even as against a bona fide purchaser or loaner without notice who acted in reliance upon the cancellation. This is substantially similar to the facts of the *Heyder* case. The Court in that case prohibited the revival of the original priority because a bona fide purchaser had relied on the record to his detriment and was subsequently damaged. The responsibility of such cancellation was partially attributable to the mortgagee.

The significantly distinguishing characteristic and critical factor of the case at bar is that there was no detrimental reliance. The nature of a mechanic's lien and its purpose indicate that such a lien is security for a completed task or prior delivery of materials. If payment is not made, as expected, by the contractor, the laborer or materialman may then file a lien against the structure for which the labor and materials were supplied. No reliance upon the cancelled mortgage has been alleged by Hill's Interiors. No evidence has been presented to this Court that Hill's relied upon the cancelled mortgage and because of that reliance, it filed its lien. Accordingly, the Bank's mortgage refiling on August 20, 1980, acted to revive the original filing date of June 13, 1979. Furthermore, the Bank's priority status because of such refiling is revived. Based upon the foregoing discussion, it is

ORDERED, ADJUDGED and DECREED that the lien of the Home Savings & Loan Company is first in priority.

In so reaching these conclusions, the Court has considered all the evidence presented, whether or not referred to specifically in the Opinion above.