**In the Matter of Floyd K. CAMERON, dba Cameron's Gulf; Cameron Dillon Service, Inc., Cameron's, Debtor.**

**Gilbert L. ROSENBAUM, Trustee, of the Estate of Floyd K. Cameron, Plaintiff,**

v.

**MECHANICS SAVINGS BANK, Defendant.**

**Bankruptcy No. 2–91–02580. Adv. No. 2–92–2203.**

United States Bankruptcy Court, D. Connecticut.

Feb. 19, 1993.

Gilbert L. Rosenbaum, Hartford, CT, Standing Chapter 13 Trustee.

Jonathan B. Alter, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

This ruling deals with the consequence of a mortgagee rerecording a mortgage deed within 90 days of the mortgagor's bankruptcy petition after having mistakenly released the mortgage seven months prior to the petition. Gilbert L. Rosenbaum, the standing chapter 13 trustee, seeks in this adversary proceeding to avoid the mort-gage held by the defendant-mortgagee, Mechanics Savings Bank (Mechanics), on property of Floyd K. Cameron, the debtor. The trustee's complaint alleges that the mortgage is voidable either under the avoiding provisions of Code § 544(a) (First Count), or as a preference pursuant to Code § 547(b) (Second Count). The parties have submitted the matter upon a stipulation of facts and their memoranda of law.

### II.

### BACKGROUND

The debtor and Francis J. Dillon (Dillon), on October 27, 1988, executed a promissory note in favor of Mechanics for $225,000.00, secured by a blanket mortgage on three parcels of realty in which the debtor or Dillon held interests. The mortgage, recorded on October 31, 1988 in the East Hartford Land Records, covered property known as 22 Sparrowbush Road, East Hartford, Connecticut, owned jointly by the debtor and Lynn E. Cameron. The second mortgaged property, located in Windsor, Connecticut, was jointly owned by Dillon and Anna U. Dillon. The third property, known as 69 Wakefield Circle, East Hartford, Connecticut, was owned solely by the debtor.

During 1990, Dillon negotiated for and received a release of the mortgage on the Windsor property, which it recorded on December 20, 1990 in the Windsor Land Records. At the same time, through an error attributed to Mechanics' then attorney, Mechanics executed and recorded a mortgage release of the debtor's Sparrowbush Road, East Hartford property. This release, dated October 27, 1990, was recorded on December 21, 1990 in the East Hartford Land Records.

Mechanics, on May 29, 1991, in return for a $11,043.23 payment on its indebtedness, released its mortgage on the debtor's Wakefield Circle, East Hartford property. The release was recorded on May 31, 1991.

Mechanics shortly thereafter realized that an unpaid balance remained on the loan to the debtor and, on June 27, 1991, caused its mortgage to be rerecorded with respect to the Sparrowbush Road property.

Mechanics had added the following language to the first page of the rerecorded mortgage:

> THIS DOCUMENT IS BEING RE-RE-CORDED TO EVIDENCE THE FACT THAT THIS MORTGAGE IS AND HAS BEEN EFFECTIVE SINCE ITS ORIGINAL RECORDATION, THE RELEASE DATED 10/27/90 AND RECORDED AT VOLUME 1311 AT PAGE 49 HAVING BEEN EXECUTED AND RECORDED INADVERTENTLY IN ERROR.

The debtor filed his bankruptcy petition under Chapter 13 on August 5, 1991. Mechanics filed a proof of claim in the case claiming to be a secured creditor in the sum of $126,572.54. The parties agree that the debtor was insolvent on June 27, 1991.

## III.

## DISCUSSION

### A.

### *Avoidance Of The Mortgage Under Code § 544(a)*

■ The trustee, relying on his "strong arm" powers under Code § 544(a)[1], first contends that an unsatisfied mortgage, erroneously released of record, cannot thereafter be made effective as to third parties through simply rerecording the mortgage. He cites as authority the ruling in *Collins v. Bank of New England–West (In re Daylight Dairy Products)*, 125 B.R. 1 (Bankr. D.Mass.1991). *Collins* furnishes no support to the trustee. The facts there involved a bank attempting to revive a mortgage which it had, prior to the debtor-mortgagor's bankruptcy petition, inadvertently released of record. The bank, *after*

the petition was filed, recorded on the land records "a scrivener's affidavit asserting the error." 125 B.R. at 2. The court held that absent the intervening rights of third parties, the bank might obtain reinstatement of its mortgage under equitable principles, but that the strong-arm powers of Code § 544(a) granted the trustee, on the petition date, the rights of such third parties. The mortgage was declared void as against the trustee. 125 B.R. at 3.

In the present proceeding, Mechanics rerecorded its mortgage before the filing of the debtor's bankruptcy petition. Conn. Gen.Stat. § 47–10 provides, in relevant part, that "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." The trustee makes no credible argument why the recording of the mortgage a second time does not satisfy Conn.Gen.Stat. § 47–10 from the time of the rerecordation. *Cf. Home Sav. & Loan Co. v. O'Reilly (In re O'Reilly)*, 30 B.R. 562, 564 (Bankr.N.D.Ohio 1983) (A subsequent refiling of a mistakenly canceled mortgage is an appropriate method to revive mortgage); *Sunrise Sav. & Loan Assoc. of Fla. v. Giannetti*, 524 So.2d 697, 700 (Fla.App.1988), *appeal dismissed*, 534 So.2d 399 (1988) (same). The trustee cannot avoid the mortgage based upon his § 544(a) powers.

### B.

### *Avoidance Of The Mortgage Under Code § 547(b)*

■ Code § 547(b), in brief, permits a trustee to avoid a transfer of property

1. *§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers.*
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

made within 90 days of the date of the filing of a petition by an insolvent debtor to a creditor on account of an antecedent debt which allows the creditor to receive more than it would in a chapter 7 liquidation. Subsection 547(e) provides that for "the purposes of this section ... a transfer is made—(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days."

The trustee contends that after Mechanics recorded the release of its mortgage on December 21, 1990, Mechanics no longer held a perfected mortgage interest in the debtor's property. Conn.Gen.Stat. § 47–10 *supra. Cf. Connecticut Nat'l Bank v. Chapman*, 153 Conn. 393, 399, 216 A.2d 814 (1966) (The inadvertent release of a mortgage does not protect the mortgagee's interest *vis a vis* an intervening lien holder who relies on the release.). Mechanics, when it rerecorded the mortgage, thereby perfected its then unperfected mortgage. The rerecording date became the transfer date for preference purposes, *see* Code § 547(e) *supra,* a date well within the 90-day preference period.

Mechanics opposes this reasoning asserting, that for Code § 547(b) purposes, the mortgage transfer took place on October 31, 1988, the date of the original mortgage recording. "After that date, the Debtor granted no additional interest to Mechanics. Thus, the re-recording of the mortgage after its erroneous release transferred to Mechanics no additional rights that had not already been transferred on October 27, 1988. The re-recording of the mortgage only served to provide notice to the world of the recording error...." *Mechanics' Supplemental Memorandum* at 7.

While the issue presented appears to be one of first impression as it applies to realty, there is convincing, analogous authority to support the trustee's position from court rulings dealing with personal property cases. Under the Uniform Commercial Code, the filing of a financing statement with the Secretary of State perfects a security interest in personalty. In general, however, a financing statement is effective only for five years, after which a continuation statement must be filed to prevent a lapse. *See, e.g.,* Conn.Gen.Stat. § 42a–9–403. The preference issue arises when the secured creditor neglects to timely file the continuation statement, and then belatedly files this statement within the preference period. The holdings are apparently uniform that "if there is a temporary lapse in the perfection of a security interest, the transfer will be deemed made at the time the security interest becomes perfected again. The debt, therefore, will be antecedent to the transfer, and the security interest may be avoidable as a preference." 4 *Collier on Bankruptcy* ¶ 547.16 at 547–76, 77 (15th ed. 1992).

The leading authority is *In re Vodco Volume Dev. Co.,* 567 F.2d 967 (10th Cir. 1977), *cert. denied,* 439 U.S. 806, 99 S.Ct. 62, 58 L.Ed.2d 98 (1978). In *Vodco,* the creditor filed a "late" continuation statement with the Colorado Secretary of State within 90 days of the debtor's bankruptcy petition. Despite the existence of a Colorado statute which allowed a late filing to constitute a valid continuation statement if no intervening rights were affected, the court of appeals ruled that a creditor who filed a late continuation statement within the preference period received a preferential transfer. The court reasoned that "although the *procedure* to be followed in perfecting a security interest in the property of a bankrupt is determined in accordance with state law, the *time* at which 'perfection' becomes effective against the trustee in bankruptcy is determined by federal law." 567 F.2d at 970. *Accord, Four Winds Enter. Inc. v. First Nat'l Bank (In re Four Winds Enter., Inc.),* 94 B.R. 694, 697 (Bankr.S.D.Cal.1988) (Reperfection of security interest by refiling lapsed financing agreement does not relate back to date of original grant of security interest for preference purposes, but, rather, transfer made on date financing statement refiled); *In re Abell,* 66 B.R. 375, 381 (Bankr. N.D.Miss.1986) (Since there is no continuous perfection during lapse between filing

statements, transfer, for preference purposes, occurs at the time creditor files second financing statement.)

## IV.

### CONCLUSION

All elements of a preferential transfer under Code § 547(b) have been stipulated to by the parties, except for the determination of the date of the transfer of the debtor's property. The court concludes that the date of transfer of the debtor's interest in 22 Sparrowbush Road, East Hartford, Connecticut, to Mechanics by way of mortgage deed was June 27, 1991. Such mortgage transfer, therefore, constitutes one avoidable by the trustee pursuant to Code § 547(b), and a judgment will enter avoiding the mortgage dated October 27, 1988 from the debtor to Mechanics.