OPINION
Defendant-appellant City of Youngstown ("City") appeals from the grant of summary judgment which was entered in the Mahoning County Common Pleas Court in favor of plaintiff-appellee First National Bank of Pennsylvania ("FNB"). For the following reasons, the trial court's judgment is affirmed.
 I. STATEMENT OF FACTS
On December 1, 1986, Pollock Inn Restoration Associates ("the Inn") entered a lending agreement with FNB. The Inn, as debtors in the agreement, sought an irrevocable letter of credit from FNB in order to receive proceeds from an Industrial Development Revenue Bond offered by the State of Ohio. FNB provided a letter of credit in the amount of $3,215,000 to secure the Inn's obligations under the bond. To secure the letter of credit, the Inn granted a mortgage to FNB on its leasehold interest in the Wick-Pollock Inn which is owned by Youngstown State University. This mortgage is dated December 23, 1986 and was filed with the Mahoning County Recorder on January 30, 1987. On August 10, 1988, the Inn took out a second mortgage with the City as lender. The City's mortgage explicitly acknowledged that FNB held the first mortgage.
On March 23, 1994, FNB filed a satisfaction of the mortgage. On January 18, 1996, FNB filed a complaint seeking equitable reinstatement of the mortgage to its original status. FNB alleged that the satisfaction was mistakenly filed due to an incorrect belief by FNB employees that proper consideration had been given. The defendants included the Inn and the City. Other defendants were Kreidler Construction Company, Storm Electric, Inc., and York-Mahoning Company, Inc. These three companies had mechanic's liens against the Inn. Storm and York-Mahoning failed to file an answer. Kreidler sent a letter to the court consenting to restoring FNB's mortgage. The Inn filed an answer which admitted that FNB was entitled to an equitable order reinstating the mortgage. The City filed an answer which set forth the affirmative defense of laches. Apparently, the City's loan to the Inn is now in default for over $1,000,000, and they wish to collect as the first mortgagee.
On April 12, 1996, FNB filed a motion for summary judgment. This motion also requested that default judgment be entered against Storm and York-Mahoning. FNB's motions were granted on May 16, 1996. The City filed the within timely appeal.
 II. ASSIGNMENT OF ERROR NUMBER ONE
The City sets forth five assignments of error, the first of which alleges:
 "The trial court erred when it failed to determine that the rights of innocent third parties would not be affected if it were to grant the equitable relief requested by the plaintiff-appellee."
This argument focuses on the absence of a title report which could show if parties besides the named defendants have claims against the property. The City argues that FNB cannot rely on the conclusory statement in its complaint that it believes that no other entity has detrimentally obtained any interest in the premises after the satisfaction was mistakenly filed. In response, FNB claims that if there were third parties who staked claims on the Inn after FNB's satisfaction was filed, then the City should have set forth their existence as fact not as mere possibility. Moreover, FNB contends that this action is solely for reinstatement of a mistakenly released mortgage without regards to hypothetical third parties. The argument of the City is not persuasive for at least two reasons. First, any subsequent lienholders could have intervened in this action and can intervene if a foreclosure action is ever instituted. Secondly, it is not the place of the City as a junior lienholder to assert against the senior lienholder the rights of unknown and possibly nonexistent subsequent lienholders. Accordingly, this assignment is overruled.
 III. ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
The City's second and third assignments of error allege:
 "The trial court erred in granting plaintiff-appellee's motion for summary judgment when plaintiff-appellee's own documents and pleadings showed that there were genuine issues as to material facts."
 "The trial court erred in construing the evidence most strongly in favor of the party seeking summary judgment — the plaintiff-appellee."
Initially, the City complains that the trial court did not make findings of fact necessary to support its entry of summary judgment. However, we perform a de novo review of summary judgments. As such, findings of fact by the trial court are unnecessary. See Civ.R. 52.
In a motion for summary judgment, the movant has the initial burden to show that there is no genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. The nonmovant then has a reciprocal burden to show that there is a genuine issue for trial. Id. A genuine issue of material fact exists when the relevant factual allegations contained in various evidentiary material are in conflict. Since we independently review the record, we do not defer to the trial court's decision. We must construe the evidence in favor of the nonmovant and determine if reasonable minds could only find for the movant. Civ.R. 56 (C).
In the case sub judice, the City argues that the existence of indebtedness is a material issue that needs to be decided, stating that any obligation owing to FNB from the Inn is speculative and conditional. However, whether FNB has yet been forced to pay out on its letter of credit is irrelevant. The letter of credit was issued in return for the security of a mortgage in the Inn's leasehold interest. The letter of credit is still in effect. The mortgage which secured it was accidentally released. Equitable reinstatement of the mortgage is not contested by the debtor or those with mechanic's liens on the leasehold interest. Reinstating the mortgage does not place the City in any worse of a position than when the City secured its mortgage. Moreover, the affidavit of John Stolar, FNB's vice president, supports FNB's assertions about the lending process and its ramifications. There is no discernible conflict between the pertinent factual allegations of FNB and the City. Construing the minimal amount of evidence there is to construe in the City's favor, we reach the same conclusion as the trial court that there exists no genuine issue of material fact. Thus, summary judgment was proper, and these assignments are overruled. Any other arguments which the City sets forth about genuine issues of fact are addressed infra.
 IV. ASSIGNMENT OF ERROR NUMBER FOUR
The City's fourth assignment of error contends:
 "The trial court erred in granting equitable relief to plaintiff-appellee on plaintiff-appellee's motion for summary judgment when plaintiff-appellee's own pleadings raised material questions about the entitlement of plaintiff-appellee to the equitable relief requested."
The City complains that FNB should not receive equitable relief because it was FNB's own mistake that caused the satisfaction to be recorded. The City states that the cases cited by FNB and relied upon by the trial court are not analogous to the case at bar. FNB cited Farmers Say. Loan Co. v. Kline (1951),92 Ohio App. 406, where we held that, even if subsequent purchasers have entered the picture, a mortgage may be restored if the county recorder mistakenly releases it. FNB also citedTransAmerica Fin. Serv. v. Shier (1980), 61 Ohio St.3d 49, where the Supreme Court held that a mortgage may be reinstated where the mortgagee mistakenly released the mortgage before determining if the mortgagor's check cleared. While the foregoing cases have factual distinctions, they offer guidance relative to the case at bar in that they all have the common theme that mistakes are correctable. Moreover, this is especially true when the debtor agrees that it was erroneously released from its obligations and the appellant was not put in any worse of a position than it was in when it became a secured creditor.
The City has to go back over 120 years to find support for its position in the case of Faurot v. Neff (1877), 32 Ohio St. 44. This case held that one who voluntarily releases a mortgage without consideration cannot ask for restoration of the mortgage later. The following recitation of the facts of Faurot reveal why it is totally distinguishable from the case at bar. Faurot released Neff's mortgage because he felt it would help Neff recover from his mental illness. When Neff recovered, Faurot
sought equitable relief in the form of restoration of the mortgage. The Court stated that Faurot's act of releasing the mortgage appeared to be a gift and there was insufficient evidence presented to prove otherwise.
The distinction between Faurot and FNB case is obvious. FNB did not file the satisfaction of mortgage as a gift; the satisfaction was filed by employees of FNB who were mistaken as to their belief that the Inn had fulfilled its obligation. FNB was still liable on a letter of credit issued for $3,215,000. Without restoration of the mortgage, FNB would have no security for this letter of credit which was once secured. After restoration, the City is the second mortgagee as it was when it extended credit to the Inn more than ten years ago. Accordingly, we hold that FNB was entitled to the relief that it sought. This assignment is without merit.
 V. ASSIGNMENT OF ERROR NUMBER FIVE
The City's fifth assignment of error contends:
 "The trial court abused its discretion by granting equitable relief to a party which concealed relevant facts from the trial court."
Attached to FNB's complaint, as Exhibit H, was a copy of the "satisfaction piece." The bottom of the copy seemed to have been cut off or folded over. However, attached to FNB's motion for summary judgment, as Exhibit D, was a copy of the complete satisfaction piece revealing the signatures of the two employees of FNB who caused the satisfaction to be filed. In its opposition to summary judgment, the City submitted the notarization which FNB failed to include as an attachment to the satisfaction piece. Nonetheless, the lack of this page is irrelevant. It contains nothing substantive. The satisfaction piece as submitted by FNB contained the necessary information and the time-stamp of the county recorder. Thus, this argument lacks merit.
The City also questions why the two FNB employees that signed the release did not submit affidavits to the court. Attached to FNB's motion for summary judgment was the affidavit of Mr. Stolar, the vice-president of FNB, who stated that the allegations in the summary judgment motion were true. He stated that the employees lacked authority to release the mortgage due to their mistake that consideration had been given for the release. This affidavit assisted FNB is meeting its initial burden under Dresher. The fact that affidavits were not submitted by the two employees who accidentally filed the satisfaction is irrelevant. It is likely that these employees were discharged by FNB for this very mistake.
The City also complains because FNB failed to explain exactly how and why the mistake was made. The logistics of the mistake are also not relevant. The relevant issues are whether FNB is entitled to equitable restoration of the mortgage and whether the detriments of equitable restoration would weigh too heavily against the City. The Inn, as the debtor, admitted that FNB was entitled to have the mortgage restored since FNB was still obligated to secure the letter of credit. The City simply wishes to benefit from a mistake of FNB. As stated above, the correction of FNB's mistake does not harm the City. Therefore, this assignment of error is overruled.
In its opposition to summary and its appellate brief, the City skims over its original proposed laches defense. In order to succeed on the affirmative defense of laches, the defendant must show that material prejudice resulted from an unreasonable and unexplained delay. Wright v. Oliver (1988), 35 Ohio St.3d 10;Thirty-Four Corp. v. Sixty-Seven Corp. (1984), 15 Ohio St.3d 350. The City failed to demonstrate material prejudice from the delay of one year and ten months between FNB's accidental filing of the satisfaction and the commencement of the lawsuit. Thus, the defense of laches was not established.
Since appellant can point to no actual prejudice or harm it suffered as a result of the mistake of ENE, and since it is apparent that they are in essence seeking to receive a benefit from that mistake, we are not persuaded to embrace their position based in law, and in equity. Accordingly, and for the reasons hereinabove set forth, the judgment of the trial court is affirmed.
 Cox, P.J., concurs. Donofrio, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE