In re **FOUR WINDS ENTERPRISES, INC., a Virginia corporation, and its affiliates, Debtor.**

**FOUR WINDS ENTERPRISES, INC., a Virginia corporation, Plaintiff,**

v.

**FIRST NATIONAL BANK, a federal bank, Defendant.**

Adv. No. C88–0259–H11.
Related No. 87–07954–LM11.

United States Bankruptcy Court, S.D. California.

Dec. 13, 1988.

Donald R. Joseph, Ali M.M. Mojdehi, Loraine L. Pedowitz, Baker & McKenzie, San Diego, Cal., for plaintiff.

Michael P. Fedynyshyn, Steven J. Roberts, Wittman and Wittman, San Diego, Cal., for defendant.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

The issues herein arise on plaintiff's Four Winds Enterprises, Inc.'s ("Four Winds") motion for summary adjudication of facts on the issue of whether defendant First National Bank ("FNB") has received a preferential transfer. At issue is whether the court may summarily adjudicate the following facts: 1) that there was a transfer of the debtor's property, to wit the UCC filing; 2) that it was for the benefit of a creditor; 3) that the transfer was on account of an antecedent debt owed by the debtor before the transfer was made; and 4) that the transfer was made on or within 90 days before the date of the filing of the bankruptcy petition.

Four Winds contends that the reperfection of FNB's security interest constitutes a preferential transfer under § 547(b) of the Bankruptcy Code, and that the aforementioned facts exist without substantial controversy.

FNB contends that the refiling of the lapsed UCC–1 financing statement, for preference purposes, relates back in time to the date of the original grant of the security interest and that 11 U.S.C. § 547(e)(2)(A) should be construed to provide a ten day grace period for security agreements that have lapsed in perfection during the ninety day period ("reach back period") prior to the filing of a bankruptcy petition.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

## FACTS

The following facts are undisputed by the parties only for the purposes of this motion. On November 3, 1987, Four Winds and five of its affiliated subsidiaries filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

On or about October 5, 1982, Four Winds executed a line of credit note in favor of FNB in the amount of $850,000, which was thereafter renewed by FNB on January 18, 1983. In conjunction with the Line of Credit Note, and on or about October 7, 1982, FNB and Four Winds entered into an agreement entitled Loan Commitment RLC.

On or about January 5, 1983, Four Winds executed an installment note, whereby Four Winds promised to pay to FNB the principal sum of $850,000, plus interest, in equal installments. On or about October 8, 1984, Four Winds executed an installment note whereby Four Winds promised to pay to FNB the principal sum of $599,526.05 plus interest, in equal installments.

Previously, on or about October 22, 1982, Four Winds executed a General Security Agreement in favor of FNB, whereby Four Winds granted to FNB a security interest in various property.

On or about October 13, 1982, Four Winds executed, and FNB filed a UCC–1 financing statement to perfect its interest in the collateral, and thereafter caused said UCC–1 financing statement to be filed with the Secretary of State of California. Thereafter, on October 14, 1982, FNB caused to be filed the UCC–1 financing statement with the County Recorder's office, stating that the items covered by the UCC–1 financing statement were, or would become fixtures on the real property of the debtor. On or about October 21, 1987, FNB caused to be filed a UCC–1 financing statement with the Secretary of State of California after the initial financing statement had lapsed after the statutory five year period.

When on November 3, 1987, Four Winds filed a petition for relief under Chapter 11, FNB was scheduled as a secured creditor. On May 12, 1988, Four Winds filed the instant adversary proceeding to avoid an alleged preferential transfer and to recover property. On June 29, 1988, Four Winds filed a motion for summary judgment on the issue of whether FNB's reperfection of its security interest within 90 days of the filing of the petition constitutes an avoid-

able preferential transfer. At the hearing on the summary judgment motion, this court denied said motion on the grounds that material issues of fact existed. Thereafter, Four Winds orally moved for summary adjudication of the above-mentioned four issues.

## DISCUSSION

Summary adjudication of facts under Rule 56(d) of the Federal Rules of Civil Procedure (made applicable here by Bankruptcy Rule 7056) should only be granted were material facts exist "without substantial controversy." The purpose of the Rule is to salvage some results from the judicial effort involved in the denial of a motion for summary judgment. *Yale Transport Corporation v. Yellow Truck and Coach Mfg. Co.*, 3 F.R.D. 440, 441 (S.D.N.Y.1944).

This court concludes that there was a transfer of the debtor's property by the October 21, 1987 UCC–1 filed by FNB. California Commercial Code § 9302(1) is applicable in the case at bar and requires a financing statement to be filed to perfect a security interest.

■ The definition of "transfer" under the Bankruptcy Code is very broad and means "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property...." 11 U.S.C. § 101(50). Perfection of a security interest in the debtor's property is a transfer at the time of perfection of that interest. *In re Wegner,* 61 B.R. 414, 421 (Bankr.D.Mont.1986).

The UCC–1 financing statement was filed to perfect FNB's security interest. It is therefore without substantial controversy that the perfection (transfer) was made for the benefit of FNB, a creditor of the debtor.

■ The third issue is whether there is any substantial controversy concerning whether the transfer was on account of an antecedent debt owed by the debtor before the transfer was made. Although "antecedent debt" is not defined by the Bankruptcy Code, essentially a debt is ante-

cedent if it is incurred before the transfer. 4 *Collier on Bankruptcy* (15th ed. 1988) para. 547.05 at 547–33. A debt is incurred when a debtor becomes legally bound to pay. *In re Gold Coast Seed Co.,* 751 F.2d 1118, 1119 (9th Cir.1985). When Four Winds executed the Line of Credit Note on October 5, 1982, it became legally bound to pay. This debt was incurred prior to the perfection of the security interest. This court concludes that the transfer was on account of an antecedent debt owed by Four Winds before the transfer was made.

■ The final issue concerning whether the transfer was made on or within ninety days before the filing of the bankruptcy petition is more complex and more subtle. Although it is clear that the lapsed UCC–1 financing statement filed October 21, 1987, is well within the 90 day reach back period, FNB argues that the October 21, 1987 filing should, for preference purposes, relate back in time to October 7, 1982, the date of the original grant of the security interest by Four Winds to FNB. FNB argues that 11 U.S.C. § 547(e)(2)(A) should be construed to provide a ten day grace period for security agreements that have lapsed in perfection during the ninety day reach back period and that a transfer within the ten day grace period relates back to the date of the original grant of the security interest. FNB further argues that the legislative intent of § 547 would be frustrated if relation back is not authorized. Those arguments are not persuasive.

While the issue is not without its difficulties, it thus appears that as a matter of law the perfection of a lapsed financing statement within ten days of the lapse does not relate back to the date of the granting of the security interest, when such lapse occurs during the ninety day reach back period.

FNB fails to cite to this court any legal authority supporting his relation back argument, but solely relies on legislative history and intent.

A filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of

such five-year period unless a continuation statement is filed prior to the lapse. Upon such lapse the security interest becomes unperfected unless it is perfected without filing. California Commercial Code § 9403(2).

FNB allowed its financing statement to lapse when it failed to file its continuation statement.[1] The lapse was a result of the acquisition and merger of FNB with another entity. FNB's computers were not operable during this period. (FNB's supplemental points and authorities, page 12:11–13). However, a continuation statement may be filed within six months prior to the expiration of the five year period. California Commercial Code § 9403(3). In essence, a secured party is given a six month grace period to file a continuation statement which relates back to the date of the original filing.

If there is a temporary lapse in the perfection of a security interest, the transfer will be deemed made at the time the security interest becomes perfected again. 4 *Collier on Bankruptcy* (15th ed. 1988) para. 547.16 at 547–68.

The court in *In re Abell*, 66 B.R. 375 (Bankr.N.D.Miss.1986) was faced with the issue of whether a security interest continues during the period of time between the expiration of the first financing statement and the time of the refiling of the second financing statement so that the second filing is not a preferential transfer. The court concluded: "That the filing of a second financing statement, with or without the debtor's signature, in an effort to revive a lapsed financing statement, does not permit the continuous perfection of the lapsed financing statement." *Abell*, at 381. The court went on to state that "since there was no continuous perfection, this date [filing of second financing statement after lapse] cannot relate back to the date of the filing of the original financing statement." *Abell*, at 381.

Accordingly, this court concludes that the transfer was made on or within ninety days before the date of the filing of the bankruptcy petition. There is simply no authority which would authorize or require the court to invoke a relation back doctrine as proposed by FNB.

## CONCLUSION

For all of the above reasons, the court has determined that Four Winds is entitled to summary adjudication of the above-mentioned four issues. Of course, the parties are left to litigate the remaining elements of a preference.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for Four Winds is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.