**24**

**In re FOUR WINDS ENTERPRISES, INC., a Virginia corporation, and its affiliates, Debtor.**

**FOUR WINDS ENTERPRISES, INC., a Virginia corporation, Plaintiff,**

**v.**

**FIRST NATIONAL BANK, a federal bank, Defendant.**

Adv. No. C88–0259–H11.

Bankruptcy No. 87–07954–LM11.

United States Bankruptcy Court, S.D. California.

May 10, 1989.

Baker & McKenzie, San Diego, Cal., for debtor/plaintiff.

Wittman & Wittman, San Diego, Cal., for First Nat. Bank.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether the untimely filing of a UCC financing statement falls within the "ordinary course of business" exception to preferences of 11 U.S.C. § 547(c)(2).

The issue arises on the motion of debtor Four Winds Enterprises, Inc. ("Four Winds") for summary judgment.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

### FACTS

In 1982, First National Bank ("FNB") made certain loans to Four Winds. In connection with these loans, Four Winds executed promissory notes and a security agreement in favor of FNB. Pursuant to the security agreement, FNB obtained a security interest in office furniture and equipment owned by Four Winds. FNB perfected its security interest in the collateral by filing a UCC–1 financing statement.

A filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses upon the expiration of such 5–year period unless a continuation statement is filed prior to the lapse. Upon such lapse, the security interest becomes unperfected. California Commercial Code § 9403(2).

On or about October 21, 1987, FNB caused to be filed another UCC financing statement well after the initial financing statement had lapsed.

On November 3, 1987, Four Winds filed its petition for relief under Chapter 11, and thereafter the instant adversary proceed-

ing to avoid a preferential transfer and to recover property was filed on May 12, 1988.

## DISCUSSION

■ This court previously concluded that there was a § 547 transfer of the debtor's property occasioned by FNB's untimely October 21, 1987 UCC filing. *In re Four Winds Enterprises, Inc.,* 94 B.R. 694 (Bankr.S.D.Cal.1988).

FNB now asserts that its untimely filing of the UCC financing statement falls within the "ordinary course of business exception" of 11 U.S.C. § 547(c)(2).

Section 547(c)(2) excepts from avoidability a transfer that is:

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

FNB argues that the loan documents executed by Four Winds and FNB allow FNB to perfect its security interest in its collateral and that the reperfection of a lapsed security interest by a bank, which is expressly authorized by California law, is within the ordinary course of business or financial affairs of both the debtor and its secured lender. The Bank also argues that "the reperfection of a lapsed security interest by a bank is certainly a transfer made according to ordinary business terms and is the sort of transfer that occurs every day in the real business world." No authority is cited for this contention of law.

■ This court concludes that the attempted reperfection of a lapsed security agreement cannot fall within the ordinary course of business exception because as a matter of law, the exception only applies to "payment of ordinary trade credit." *See,* 4 *Collier on Bankruptcy* para. 547.10, pp. 44–45 (15th ed. 1988). Indeed, the natural reading of the phrase in § 547(c)(2)(A) speaks of the *"payment of a debt* incurred

by the debtor in the ordinary course of business...." (Emphasis added).

The issue in this case does not involve a credit transaction. It simply involves an untimely attempt by FNB to perfect its lapsed security interest. Further, the untimely filing of a UCC statement is a unilateral act by one of the parties and cannot be characterized as being within the ordinary course of business of both the debtor and the creditor as required by § 547(c)(2).

Finally, there is nothing about a tardy filing of a UCC financing statement that can be deemed in any sense, ordinary.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.